BALDWIN v. CHICAGO & N. W. RY. CO.

(Circuit Court, W. D. Michigan. March 31, 1898.)

FEDERAL JURISDICTION—DIVERSE CITIZENSHIP—CONSOLIDATED CORPORATIONS.
Where three railway corporations, organized under the laws of three different states, are consolidated under the laws of each of the states, the consolidated corporation is a citizen of each of the states; and a citizen of one of the states cannot maintain an action in a federal court sitting in that state against the corporation on the ground of diverse citizenship.

Smedley & Powers, for plaintiff.
R. C. Flannigan, for defendant.

SEVERENS, District Judge. The plaintiff, who brings this suit, is a citizen of the state of Michigan. The defendant is a corporation, resulting from the consolidation of three railway corporations previously existing, one in each of the several states of Illinois, Wisconsin, and Michigan, and organized under the laws of said states respectively. The consolidation was also authorized by the laws of each of the said states. The defendant is sued in the state of Michigan, and pleads to the jurisdiction of the court that, being sued here, it must be regarded as a citizen of Michigan, and that, as the plaintiff is also a citizen of this state, the suit cannot be maintained. I am of opinion that this objection must prevail. It is true that the defendant is, for the general purposes of jurisdiction, a citizen of each state by virtue of whose laws it was consolidated; but, when suit is brought against it in any of those states, it is regarded as the creature of the laws of that state, and its corporate existence elsewhere is ignored. Thus, when suit is brought against the defendant railway company, organized as it is, in the courts of Michigan, it is treated as a citizen of that state. The case of Williamson v. Krohn, 13 C. C. A. 668, 66 Fed. 655, illustrates this. Krohn, a citizen of Ohio, brought suit in the federal court in Kentucky against several defendants, one of which was the Central Railway & Bridge Company, a company constituted by the consolidation of an Ohio corporation with one in Kentucky under laws authorizing it in each of those states. It was held that the suit was rightly brought in Kentucky. So in the case of Muller v. Dows, 94 U. S. 444. The suit was brought in the United States circuit court in Iowa, by three persons, two of whom were citizens of New York and one was a citizen of Missouri. One of the defendants, the Chicago & Southwestern Railway Company, was consolidated by the union of two corporations, one of Iowa and the other of Missouri, under the laws of the two states, respectively, authorizing the consolidation. The supreme court held that the suit was properly brought in the federal court of Iowa. In that case reference was made to Railway Co. v. Whitton's Adm'r, 13 Wall. 270, where suit was brought in the federal circuit court in Wisconsin, by a citizen of Illinois against the Chicago & Northwestern Railway Company, which is also the defendant in the present suit. Then, as now, it was a corporation consolidated under the laws of Illinois, Wisconsin, and Michigan. The plaintiff's right to bring the suit was contested upon the ground that the defendant was a citizen of Illinois, the same state as that of the plain-

tiff. But the objection was overruled, and on appeal the ruling was confirmed. Mr. Justice Field, in delivering the opinion of the supreme court, after stating the contention of the defendant, said:

"The answer to this position is obvious. In Wisconsin the laws of Illinois have no operation. The defendant is a corporation, and, as such, a citizen of Wisconsin, by the laws of that state. It is not there a corporation or a citizen of any other state. Being there such, it can only be brought into court as a citizen of that state, whatever its status or citizenship may be elsewhere."

This statement of the law contains the gist of the whole matter. These propositions were reaffirmed in Pennsylvania R. Co. v. St. Louis, A. & T. H. R. Co., 118 U. S. 290, 6 Sup. Ct. 1094. The plaintiff was a citizen of Illinois. The defendant, the Indianapolis & St. Louis Company, was a citizen of Indiana. It was an admitted fact that it was also a citizen of Illinois. This fact was held to create no difficulty. But it was further claimed that the plaintiff was not only a citizen of Illinois, but of Indiana also. Mr. Justice Miller, who delivered the opinion of the court, was at pains to show that this claim was not supported by the facts, but said that, if it were so, it was not settled that the plaintiff could not rely upon its Illinois citizenship to maintain the suit. In the present case the plaintiff has no other citizenship than that of Michigan, where the suit is brought. It may be added that it is the necessary and logical corollary of the doctrine on which the decisions in the above cases rest, namely, that the court looks only to the law of the state in which the suit is brought for the purpose of determining the citizenship of the corporation in such cases, that a citizen of one of the states in which the corporation exists cannot maintain a suit against it in the federal courts of the state whereof he is himself a citizen. The result is that the plea must be sustained, and the cause dismissed, for want of jurisdiction.