## TAYLOR v. ILLINOIS CENT. R. CO.

### PRICE v. SAME.

(Circuit Court, D. Kentucky. September 12, 1898.)

JURISDICTION OF FEDERAL COURTS—DIVERSITY OF CITIZENSHIP—ADOPTION BY STATE OF FOREIGN CORPORATION.

The jurisdiction of a federal court over a suit to which a corporation of a different state is a party, on the ground of diversity of citizenship, rests, not upon the citizenship of the corporation, but of its corporators, who are conclusively presumed to be citizens of the state where the corporation was organized. Hence Ky. St. § 841, which requires foreign railroad corporations owning or operating any railway within the state to incorporate therein in the manner prescribed, and provides that upon compliance with its requirements such a corporation shall "become and be a corporation, citizen and resident" of the state, does not affect the jurisdiction of the federal court over a suit brought by a citizen of Kentucky against a foreign railroad company, which has complied with the statute, nor the right of the defendant to remove the suit from a state court.

On Motions to Remand.

M. L. Heavin and Rowe & Felix, for plaintiff.

Pirtle & Trabue and H. P. Taylor, for defendant.

BARR, District Judge. The motions to remand in these two cases present the same question, and the motions are upon the theory that the Illinois Central Railroad Company is, under the facts presented, a Kentucky corporation as well as an Illinois corporation, and, being a domestic corporation of the state of Kentucky, has the same citizenship as the plaintiff. It appears from the record that the negligence charged in each case arose in the operation of the defendant's road running from Louisville to Paducah, in the state of Kentucky, which road was owned and operated by the defendant company; and it also appears that before the said accidents the Illinois Central road had complied with the provisions of section 841 of the Kentucky Statutes. The provisions of that section are as follows:

"No company, association or corporation, created by or organized under, the laws or authority of any state or country other than this state, shall possess, control, maintain or operate any railway or part thereof, in this state, until by incorporation under the laws of this state, the same shall have become a corporation, citizen and resident of this state. Any such company, association or corporation, may for the purpose of possessing, controlling, maintaining or operating a railway or part thereof in this state, become a corporation, citizen and resident of this state by being incorporated in the manner following, namely: By filing in the office of the secretary of state, and in the office of the railroad commission, a copy of the charter or articles of incorporation of such company, association or corporation, authenticated by its seal and by the attestation of its president and secretary, and thereupon and by virtue thereof, such company, association or corporation shall at once become and be a corporation, citizen and resident of this state. The secretary of state shall issue to such corporation a certificate of such incorporation."

This section is followed by another, which provides that any company, association, or corporation which shall possess, control, maintain, or operate a railway, or part thereof, in this state, without becoming incorporated as a corporation, citizen and resident of this state,

as permitted by section 841, shall be guilty of a misdemeanor, and punishable by a fine of not less than $1,000 for each day. Although the language of this law is general, we may assume that the defendant company, by complying with the law, has been incorporated by the state of Kentucky, with all the powers, authority, and responsibility of its articles of incorporation as previously granted by the state of Illinois; and the question is whether or not this Kentucky incorporation deprives this court of jurisdiction, as the plaintiffs are citizens and residents of the state of Kentucky. By section 2 of article 3 of the constitution of the United States it is declared, among other things, that "the judicial power of the United States is extended to all controversies between citizens of different states," and the act of 1789 and subsequent acts gave jurisdiction to the federal courts between parties of diverse citizenship. It was held that a corporation, being an artificial body, created by law, was not a citizen within the meaning of the constitution or the act of 1789; but a foreign corporation might be made a defendant in the federal courts, based upon the citizenship of the corporators of such corporation. Subsequently the supreme court held that they would presume as a matter of fact that the incorporators of a corporation of another state were citizens of that state, and no averment or evidence to the contrary would be admissible. Railroad Co. v. Wheeler, 1 Black, 286, and Railroad Co. v. Letson, 2 How. 497. This presumption was held to be conclusive. Steamship Co. v. Tugman, 106 U. S. 118, 1 Sup. Ct. 58. When the Illinois Central road, an artificial being, comes into this court, and claims that the court has jurisdiction, the claim is not based upon the fact that the corporation itself is a citizen of the state of Illinois, but upon the fact that the original corporators were and are conclusively presumed to be citizens of that state. It will be seen that the Kentucky statute is very broad and general, but, whatever may be the proper construction of the statute, it cannot be claimed that the corporation, created by conforming to the Kentucky law, consists of either corporators or stockholders who are citizens of the state of Kentucky. On the contrary, the Kentucky law incorporates (if it creates a Kentucky corporation) the Illinois corporation whose corporators and stockholders are conclusively presumed to be citizens of that state, and the diverse citizenship remains, for the purpose of the jurisdiction of this court, as if the Kentucky statute had merely granted a permission to the Illinois corporation to do business, and, in granting it authority to maintain and operate a railroad, gave the Illinois corporation the same powers as had been granted by the Illinois law.

It is not possible to reconcile the language of all the opinions of the federal courts upon this subject, but it is believed that the distinction herein indicated has been taken by the supreme court of the United States, and definitely settled, in Railway Co. v. James, 161 U. S. 545, 16 Sup. Ct. 621. That case was a suit against the railway company, which was a Missouri corporation, in the district of Arkansas, in which district the Missouri corporation was doing business, and had complied with a law, very similar to the Kentucky law, in regard to foreign corporations. The negligence complained of happened in Missouri, and the question raised was whether or not there was a

diverse citizenship between the plaintiff, a citizen of Missouri, and the railroad company, as a citizen of Arkansas. The supreme court held that there was not such a diverse citizenship, upon the ground, as we understand, that the compliance by the Missouri corporation with the Arkansas law did not make that company a citizen of the state of Arkansas. The court say, on page 563, 161 U. S., and page 627, 16 Sup. Ct.:

"We are now asked to extend the doctrine of indisputable citizenship so that, if a corporation of one state, indisputably taken, for the purpose of federal jurisdiction, to be composed of citizens of such state, is authorized by the law of another state to do business therein, and to be endowed, for local purposes, with all the powers and privileges of a domestic corporation, such adopted corporation shall be deemed to be composed of citizens of the second state in such a sense as to confer jurisdiction on the federal courts at the suit of a citizen of the state of its original creation. We are unwilling to sanction such an extension of a doctrine which, as heretofore established, went to the very verge of judicial power."

The court, in discussing the question, on page 565, 161 U. S., and page 628, 16 Sup. Ct., say:

"But, whatever may be the effect of such legislation, in the way of subjecting foreign railroad companies to control and regulation by the local laws of Arkansas, we cannot concede that it availed to create an Arkansas corporation out of a foreign corporation in such a sense as to make it a citizen of Arkansas within the meaning of the federal constitution, so as to subject it as such to a suit by a citizen of the state of its origin. In order to bring such an artificial body as a corporation within the spirit and letter of that constitution, as construed by the decisions of this court, it would be necessary to create it out of natural persons, whose citizenship of the state creating it could be imputed to the corporation itself. But it is not pretended in the present case that natural persons, resident in and citizens of Arkansas, were, by the legislation in question, created a corporation, and that, therefore, the citizenship of the individual corporators is imputable to the corporation."

It will be observed that the court in this quotation refers to the plaintiff as a "citizen of the state of its origin" (the corporation's), i. e. Missouri; but upon principle this can make no difference,—a citizen of Kentucky or of Tennessee could not have brought the suit in a United States court in the district of Arkansas,—nor could the fact that the accident complained of happened in Missouri make any difference, for the cause of action was a transitory one, and is so recognized by the supreme court. This distinction is clearly taken by our circuit court of appeals in the case of Louisville Trust Co. v. Louisville, N. A. & C. Ry. Co., 75 Fed. 433, 22 C. C. A. 378. In that case Judge Taft (page 387, 22 C. C. A., and page 441, 75 Fed.) says:

"We cannot escape the conclusion that it was the intention of the Kentucky legislature, fitly expressed by the act of April 8, 1880, to make that which was an Indiana corporation a corporation of the state of Kentucky. * * * It would be difficult to express in concise language, any more clearly than is here done, the intention of the legislature to create a new corporation."

Though thus deciding he said, on page 386, 22 C. C. A., and page 440, 75 Fed.:

"But even if the Kentucky acts did create a new corporation out of the Louisville, New Albany & Chicago Railway Company in 1880, the new cor-

poration, though created by Kentucky law, was, for the purposes of federal jurisdiction, a citizen of Indiana. This follows from the decision of the supreme court of the United States in the case of Railway Co. v. James, 161 U. S. 545, 16 Sup. Ct. 621."

The decision in Railway Co. v. James was reaffirmed in the case of Railroad Co. v. Steele, 167 U. S. 659, 17 Sup. Ct. 925, where it is said:

"While a railroad company owning and running a line running through several states may receive and exercise powers granted by each, and may, for many purposes, be regarded as a corporation of each, such legislation does not avail to make the same corporation a citizen of every state it passes through, within the meaning of the jurisdiction clause of the constitution of the United States." Page 663, 167 U. S., and page 927, 17 Sup. Ct.

See, also, Steamship Co. v. Kane, 170 U. S. 100, 18 Sup. Ct. 526, and Baldwin v. Railway Co., 86 Fed. 167, and Hollingsworth v. Railway Co., Id. 353. The Cases of Baldwin and Hollingsworth illustrate very well the state of case where a corporation, becoming incorporated in several states in which it is doing business, may or may not become a corporation for the purpose of jurisdiction of United States courts in each of the states. In the Baldwin Case, Judge Severens decided that the diverse citizenship did not exist where three separate corporations created in three different states had been consolidated. There three railway organizations organized under the laws of three different states, and were consolidated under the laws of each of the states, and the consolidated corporation was held to be a citizen of each of the states, and hence a citizen of one of the states could not maintain an action against the corporation, arising in that state, on the ground of diverse citizenship. In the Hollingsworth Case Judge Simonton held that a law similar to the Kentucky law did not deprive the corporation which had been organized in another state from removing the case to the federal court, holding that the citizenship of the original corporation still existed, notwithstanding a statute, which was similar to the Kentucky legislation, had been enacted; the decision being that the South Carolina legislature had simply incorporated the previous Virginia corporation, and that the citizenship of the corporators of the original corporation (Virginia) controlled, and that there was diverse citizenship between those corporators and the plaintiff, who was a citizen of South Carolina. In the Baldwin Case there were separate and distinct individuals incorporated by each state, who were conclusively presumed to be citizens of the respective states in which the incorporation was made. In construing the Kentucky statute it should not be overlooked that that statute does not incorporate new corporators, or any others than those existing in the foreign corporation; nor does it declare that the corporators or stockholders of corporations created by a compliance with the provisions of the law are or shall become citizens of the state of Kentucky, but declares "it shall become a corporation, citizen, and resident of this state." This leaves untouched the citizenship of the corporators of the foreign corporation sought to be made a domestic corporation. The conclusive presumption of the citizenship of the corporators of the original incorporation remains as if the statute had not been complied with. The distinction between the corporators of a

corporation and the corporation itself is an indispensable one, if we adhere to the construction that a corporation itself cannot be a citizen within the meaning of section 2 of article 3 of the constitution.   The motion to remand in each case must be overruled.