WALDEMAR VAN COTT, APPELLANT, v. O. P. PRATT,
    DEFENDANT, SALT LAKE CITY, GARNISHEE, RE-
    SPONDENT.

GARNISHMENT.—EXEMPTION OF MUNICIPAL CORPORATIONS.—WAIVER.
    —A statutory exemption of a municipal corporation from
    garnishment can not be waived by the municipality by an
    ordinance consenting that moneys in its hands due as wages.
    and salaries to its employés may be "attached under gar-
    nishee process" in suits between private parties.

(No. 559.  Decided March 16, 1895.  39 P. R. 827.)

APPEAL from the District Court of the Third Judicial
District.    Hon. Samuel A. Merritt, *Judge.*

Action by Waldemar Van Cott against O. P. Pratt.
There was judgment for plaintiff.    Upon the return of
    14

process of garnishment served upon Salt Lake City show-
ing funds of defendant in its hands as salary, plaintiff
moved for a judgment thereon, and from a judgment de-
nying this motion, he appeals. *Affirmed.*

*Mr. P. L. Williams* and *Mr. Geo. Sutherland,* for appellant.

Under the general welfare clause of its charter, 1 Comp.
Laws 1888, p. 349, § 373, Salt Lake City had ample
authority to pass an ordinance waiving its right to claim
an exemption from garnishment.    See 1 Dill. Mun. Cor.
§§ 394–407; 15 A. & E. Enc. Law, pp. 1188–91; *City, etc.,
Ry. Co.* v. *Mayor,* 4 A. S. R. 106.    The city is the best
judge whether such ordinance interferes with the exercise
of its governmental duties and functions.    *Munn* v. *People,*
69 Ill. 93; 19 A. & E. Enc. Law, pp. 565–6, notes;
Cooley's Const. Lim. (5th ed.) p. 155.    Salt Lake City's
exemption from garnishment is a personal privilege, which
it can waive at its option.    It is beyond dispute that the
city can waive its right to move for a new trial, to appeal,
the statute of limitations, the plea of *ultra vires,* jurisdic-
tion of the person, failure of consideration, or the statute
of frauds.    Then why can not it waive its exemption from
garnishment?    Public policy is as much at the foundation
of these rights as it is at the foundation of the exemption
from garnishment, yet the city may waive them all.    In
fact, public policy is as strong and stronger in the cases
cited than in the case of exemption from garnishment.
In *Clapp* v. *Walker,* 25 Iowa, 315, Chief Justice Dillon
says:   "The statute gives to such corporation the privilege
of an exemption from this process.    This is a privilege
which they may insist upon or waive, as they deem most
to their interest.    Corporations like individuals may waive
provisions, whether of contract or by statute, intended to

be for their benefit. This is familiar law." In Drake on Att. (6th ed.), § 516*b*, the author says: "Though a municipal corporation be by express law exempt from garnishment, it may waive the exemption and submit itself to liability as garnishee; and where it appears and answers without claiming the exemption, and at the trial of the question of its indebtedness to the defendant it raises for the first time the question of its exemption, it will be held to be estopped from that defense."

*Mr. E. D. Hoge,* City Attorney (*Messrs. Goodwin & Van Pelt,* of counsel), for respondent.

BARTCH, J.:

The plaintiff procured a judgment for $402.80 against the defendant, Pratt, who was a police officer in Salt Lake City. There was due Pratt, as salary from said city, the sum of $100, for which sum the plaintiff served the respondent with process of garnishment. When the return thereof was made the plaintiff moved for judgment thereon in his favor, which motion, for judgment against the garnishee, was denied. Thereupon the plaintiff appealed to this court.

Salt Lake City, the respondent herein, is a municipal corporation, and, as appears from the record, has enacted an ordinance whereby it has attempted to waive "its right and legal exemption from garnishment process," and consented that the wages and salaries of its employés "may be attached under garnishee process in the same manner and to the same extent as is provided by the general laws of the territory," the notices of such process to be served on the city treasurer. By virtue of this ordinance it is maintained that the legal rights of the respondent to exemption from such process were waived in the case at bar, and the only question presented in the record material

to this decision is whether a municipal corporation in this territory can waive such rights. Counsel for appellant insist that exemption from process of garnishment is a privilege which the respondent may waive at its option, and cite several cases which appear to sustain their view; but we think the weight of authority is to the effect that a municipality cannot waive such exemption, and especially is this true in cases where the exemption is based on the grounds of public policy, and is not effected by statute. This court, in the case of *Chamberlin* v. *Watters*, 10 Utah, 298, held that section 3455, Comp. Laws Utah 1888, authorizing garnishment of corporations, did not apply to a municipal corporation, and that such a corporation could not be subjected to such proceedings upon any principle of public policy. If, then, as this court has held, the process of garnishment is without statutory authority, and in violation of public policy, when it is sought to be enforced against a municipality, how can such municipality waive the exemption? Such exemption is not a mere privilege, as claimed by counsel for the appellant. It is a legal right, which inures to the benefit of the public. It is not upheld for the benefit of the public officer, but because the public must not be inconvenienced or harassed by such proceedings in suits in which it has no interest, and have the management of its affairs and the efficiency of its officers interfered with for the benefit of the private individual.

The question of the liability of municipal corporations to process of garnishment at the suit of a private party has often been before the American courts, and, while their decisions are not uniform, still it seems that a large majority of the cases hold that no such liability exists, and the reason of the rule declared by those cases appears to rest upon that public principle which exempts members of the legislature, foreign ministers, embassadors, and

·other public functionaries, while in the public service, from civil arrest or other legal embarrassment at the suit ·of a private person. The exemption is granted from public necessity, in order that the business of the municipality may be transacted by its officers without interference arising from suits in which the public is not interested; and a municipal corporation cannot waive such a right by ordinance or by previous agreement. Courts will disregard all agreements or arrangements made in contravention of public policy. Wade, in his treatise on Attachment and Garnishment (volume 2, § 345), says: "The foundation of the doctrine that municipal corporations cannot be called upon to answer as garnishees is purely a question of public policy. They are regarded as integral branches of the government, exercising only public functions, and intended to guard public interests. To permit them to be subjected to actions, and possible judgments and expense, in relation to matters in which they have no interest, it is claimed would be an intolerable burden, in view of the large number of persons who necessarily stand toward them as creditors. To turn them into mere instruments for the collection of private debts, it is thought, would detract from their dignity, and be subversive of the public interest." In *Merwin* v. *City of Chicago*, 45 Ill. 133, where the question was whether a municipal corporation in that case was liable to the process of garnishment, Mr. Justice Lawrence, delivering the opinion of the court, said: "A municipal corporation cannot be properly turned into an instrument or agency for the collection of private debts." 8 Am. & Eng. Enc. Law, p. 1135; *School Dist.* v. *Gage*, 39 Mich. 484; *Wallace* v. *Lawyer*, 54 Ind. 501; *First Nat. Bank* v. *City of Ottawa* (Kan.), 23 Pac. 485; *Crane* v. *French*, 38 Miss. 503; *Oscanyan* v. *Arms Co.*, 103 U. S. 261; *McLellan* v. *Young*, 21 Am. Rep. 276; *Manufacturing Co.* v. *Gormully*,

144 U. S. 224, 12 Sup. Ct. 632; *U. S.* v. *Trans-Missouri¯ Freight Ass'n,* 58 Fed. 58, 7 C. C. A. 15.    We are of the opinion that the ordinance in question .in this case is void, and that Salt Lake City cannot waive its exemption from process of garnishment in an action between private parties.    There appears to be no error in the record. The judgment is affirmed.

SMITH, J.:  I concur in the judgment for the reasons. stated, but especially for the reason that if the city, by the ordinance in question, waived its exemption, it had the right to recall its waiver.    In this case it has from the beginning insisted that it was exempt.    I think there was no vested right. by virtue of the ordinance, and the city had the right to claim its exemption.

KING, J.:  I concur in the judgment for the reasons ex-- pressed by Smith, J.