# CHARLESTON.

WELCH LUMBER CO. V. CARTER BROS. & BIRD *et als.*

Submitted March 7, 1916.    Decided March 21, 1916.

1. GARNISHMENT—*Persons Subject—Public Corporations.*
     Municipal corporations or other public corporations, on principles of public policy, are not liable to garnishee process.    (p. 12).

2. PROCESS—*Persons Subject—Public Corporations—"Person."*
     Statutes relating to attachment and garnishment, and making corporations, as other persons, amenable to legal process, and defining the word "person" to include corporations, are generally construed not to include public corporations.    (p. 13).

3. GARNISHMENT—*Persons Subject—Public Corporations.*
     Exemption of such corporations from process of garnishment is not a personal privilege which may be waived by them, by appearance and answer, but one based on principles of public policy and which cannot be waived.    (p. 13).

Error to Circuit Court, McDowell County.

Action by the Welch Lumber Company against Carter Bros. & Bird and others.    Judgment for defendants, and plaintiff brings error.

*Affirmed.*

*Anderson, Strother, Hughes & Curd,* for plaintiff in error.

*G. W. Howard,* and *Sanders, Crockett & Kee,* for defendants in error.

MILLER, JUDGE:

Plaintiff, a judgment creditor of defendants, in two several judgments obtained in Mercer County, sued out writs of fieri facias thereon, and by proper proceedings in McDowell County, caused the Board of Education of Brown's Creek District, in that county, to be summoned in each case to answer as garnishee, the suggestion, that it was indebted to the defendants, and that by virtue of the said writs of fieri facias, and the lien thereof, there was a liability upon it for the amounts thereof.

The Board of Education, duly summoned, appeared and

answered, admitting liability to the judgment debtor as suggested, and the Union Bank and Trust Company, and E. E. Carter, claimants of the funds or liability so proceeded against, by summons served upon them, were required to appear before the circuit court of McDowell County, and state the nature of their claim and maintain or relinquish the same, and in the meantime further proceedings in said actions were stayed.

By consent and agreement of all the parties the two cases were heard together. The claimants of the money in the hands of the garnishee moved the court to quash the said suggestions, and so far as the record shows interposed no other plea or defense thereto.

At a subsequent term thereof, held on July 31, 1915, the circuit court pronounced the judgment now complained of, that said motion to quash said suggestions be sustained and the same dismissed, assigning therein as a ground therefor that "said Board of Education of Brown's Creek District of McDowell County, is not subject to garnishment," and adjudging also that the defendants recover from plaintiff their costs in and about their defense to said suggestions in that behalf expended, including an attorney's fee of ten dollars in each case, and it is to this judgment that the Welch Lumber Company obtained the present writ of error.

Two points of error are assigned and relied on: First, the quashing of the suggestions in each case; second, the judgment for costs in favor of the defendants in said actions.

On the first point it is contended that the Board of Education, summoned as garnishee, was alone entitled to challenge its liability to garnishee process, and not having specifically done so the claimants of the money owing by it to the judgment debtors and in its hands were not entitled to be heard on motions to quash the process against them, and especially so without complying with the process against them, to appear and state the nature of their claims and maintain or relinquish them.

By the great weight of authority, a municipal corporation, or other public corporation, on principles of public policy, is not liable to garnishee process. 1 Dillon on Mun. Corp.,

(5th ed.) section 249, and cases cited; Waples on Attachment and Garnishment, 313; 2 Wade on Attachment, section 345. But the authorities are by no means uniform on this question. Among the cases cited to the contrary are *Portsmouth Gas Co.* v. *Sanford,* 97 Va. 124, and *Hicks* v. *Roanoke Brick Co.,* 94 Va. 741. Many of the cases referred to in the text books are reviewed, but the question not decided, in our case of *Brown* v. *Gates,* 15 W. Va. 131. The Virginia decisions are not binding upon us, and were evidently influenced by a recent statute of that state, respecting public officers, and regarded as having changed the rule of public policy in that state.

Counsel for plaintiff, in support of their contentions, present an argument based on the provisions of our statute relating to attachment and garnishment, and the effect, as a lien, of the writ of fieri facias, and authorizing such corporation to be sued, etc., and defining the meaning of "person" to include corporations, etc. But according to the weight of authority statutes such as these, unless by express words, are construed not to include public corporations. 14 Am. & Eng. Ency. Law, (2nd ed.) 812, and cases cited.

While there are some decisions holding to the contrary, we are disposed to adopt the rule which best accords with the weight of authority, and to hold that a municipal or other public corporation is not liable to the process of garnishment.

But it is suggested that the exemption from process of garnishment is a personal privilege of the corporation, and that the Board of Education by appearance and answer admitting liability waived this privilege, and submitted itself to the judgment of the court. Here again we find the authorities in conflict. A number of the text writers would seem to affirm this proposition. 2 Shinn on Attachment and Garnishment, section 502 (c); Drake on Attachments, (6th ed.) section 516b; 3 Abbott Municipal Corp., section 1153. But the weight of authority we think is opposed to this view also. Where the question depends upon principles of public policy as, in most states, and not upon some statute, as in Iowa, and perhaps now in Virginia, it is not perceived that such exemption from process based on public policy is one which can

be waived. The public policy which would forbid the process in the first instance, it seems to us, would preclude the right of waiver. 14 Am. & Eng. Ency. Law, (2nd ed.) 813, and notes. Such is the reasoning of the Supreme Court of Utah, in one of the cases cited. *Van Cott* v. *Pratt*, (Utah) 39 Pac. 827. And such is the conclusion reached by the other members of the court. If uninfluenced by them, this being a case of first instance in this State, I would be inclined to follow the opinion of the great text writers on the subject, as being founded on the better reason. I see little merit in the argument based on consideration of public inconvenience, etc. The rules now adopted, I fear, are liable to be made the instruments of fraud and imposition by unconscionable contractors of public buildings and other public works.

On the question of costs presented we see no error. The judgment for costs is not in favor of Carter and the Union Bank and Trust Company alone. That judgment is in favor of the defendants generally.

These conclusions result in affirmance of the judgment.

*Affirmed.*