BAER *v.* ARKANSAS STATE HIGHWAY COMMISSION.

Opinion delivered April 11, 1932.

*G. L. Grant, G. T. Fitzhugh, L. T. Fitzhugh* and *R. W. Wilson,* for appellants.

*Hal L. Norwood,* Attorney General, *Claude Duty,* Assistant, and *Sam Rorex,* for appellee.

HUMPHREYS, J. These are cases consolidated for the purposes of trial, brought separately in the second division of the Pulaski Circuit Court by appellants against the Arkansas State Highway Commission to recover from it for damages on account of personal injuries received by the several appellants on account of the alleged negligence of the employees of appellee while engaged in repairing certain State highways. The action sounded in tort.

Demurrers were filed to the several complaints on the ground that appellee was and is not liable in damages for the negligence of its employees.

The court sustained the demurrers to the several complaints and dismissed same, from which is this appeal.

This court ruled in the case of *Highway Commission* v. *Dodge,* 181 Ark. 540, 26 S. W. (2d) 879, that highway contractors might maintain actions against the State Highway Commission for the amount due under their highway construction contracts. The ruling was based upon the construction of the statute creating the commission. The majority of the court interpreted the statute as authorizing the institution and maintenance of that class or character of suits. It was not ruled in that case that suits sounding in tort might be instituted and maintained against the Arkansas State Highway Commission, as that act created no such authority. After a careful examination of the statute creating the commission, a majority of the court find no authority therein for the institution and maintenance of suits for torts against said commission. It is the opinion of a majority of the court that the Arkansas State Highway Commission cannot be sued for damages resulting from the negligence of its employees when engaged in the construction or repair of State highways. The writer and Mr. Justice MEHAFFY do not concur in this view, but agree with the Chief Justice on this point in his dissenting opinion.

The judgment is therefore affirmed.

BUTLER, J., (concurring). In *Arkansas State Highway Commission* v. *Dodge,* 181 Ark. 539, 26 S. W. (2d) 879, Justices KIRBY, McHANEY and the writer registered our dissent. In that case we did not express the reasons for the dissent, but it was on the ground that in our opinion the Arkansas State Highway Commission was an agency of the State, and therefore the Legislature was without power to authorize it to be made defendant in the courts of the State.

As the General Assembly is the representative of the sovereign, it would unquestionably have the power to permit citizens to sue the State in its courts, unless its authority was limited in this respect by express prohibition of the Constitution. I think this is what the Constitution has done. Article 5, § 20, provides: "The State of Arkansas shall never be made defendant in any of her courts." As the State can only act through its agents, it necessarily follows that a suit against any agency of the State would be a suit against the State itself, which the General Assembly is not authorized to permit by reason of the section of the Constitution, *supra.*

I therefore concur for the reason stated.

I am authorized to say that Mr. Justices KIRBY and McHANEY agree with the views above expressed.

SMITH, J., (concurring). In the case of *Arkansas State Highway Commission* v. *Dodge,* 181 Ark. 539, 26 S. W. (2d) 879, we considered the right of one who had contracted with the State Highway Commission to maintain suit on his contract. Three members of the court were of opinion that the suit was against the State and could not be maintained for that reason. Two of the judges were of opinion that, while the suit was against the State, the State might be sued with her consent, and that this consent had been given, and therefore the suit could be maintained. Justice MEHAFFY concurred with me in the view that the Constitution contained a prohibition against the State being made a party defendant to any suit, and that the Legislature had no power to waive this exemption, but we were also of the opinion that the particular suit

was not one against the State. This opinion expressed the view that the suit was a proceeding wherein permission had been given to one who had contracted with the State Highway Commission to maintain an action thereon in the courts of Pulaski County to have his rights thereunder adjudged, and to receive satisfaction of any judgment there recovered out of a special appropriation with reference to which the commission had authority to contract. In other words, a juristic entity had been created, with a limited power of making contracts relating to roads forming a part of the State highway system, and the courts of Pulaski County were constituted as an agency to determine differences arising out of these contracts between the contractors, on the one hand, and the State Highway Commission on the other. There would have been no authority to maintain these proceedings, had the Legislature not conferred it. ·

It was said in the opinion which I there wrote that: "The Highway Commission was given no authority in the acts to which we have referred to make contracts in the name of the State. Its authority was limited to the making of contracts relating to the specific appropriations which had been made to discharge the contracts which the commission was authorized to make." It was there also said that: "A judgment rendered pursuant to this act would not be a 'judgment against the State.' It would be only an adjudication that the sum adjudged was due on the contract out of which the litigation had arisen, to be paid out of the appropriation made for this and other purposes."

The substance of the views expressed in my opinion was that suits might be maintained only so far as they were authorized by the legislation on the subject.

It was recognized by the Legislature in subsequent legislation that rights might accrue to others, as well as to the contractors engaged in the work of construction, etc., as to which persons there would be at least a moral obligation to make compensation. In recognition thereof, the 1929 session of the General Assembly passed

act No. 232, entitled, "An act for the protection of the employees of the State Highway Commission." Acts 1929, page 1072. This is a comprehensive act making provision for compensation "for accidental injuries or death suffered in the course of employment of said commission within this State."

But there is no legislation of which I am advised authorizing suits like those here involved. These plaintiffs allege no contract with the Highway Commission nor that they were injured while engaged as employees thereof. They allege only that they were injured through the negligence of persons who were employees, and I find no provision in the law whereby they may be compensated.

No one would have the right to sue the Commission, either upon contract or for tort, and to demand compensation out of these special appropriations unless the act making the appropriations had so provided. There may be as much right morally for the travelers on the State's highways, as were the plaintiffs in the instant case, to be compensated for the tort as there is for the contractor to be compensated upon his contract, but the answer to that contention is that the Legislature has not so provided. Neither would have any right to sue unless that right was expressly given, and only such recoveries, payable out of these special appropriations, may be had, as are authorized by the Legislature.

We recently had before us a case in which an employee of the city of Little Rock sought to recover compensation against the city for an injury sustained through the negligent failure of his superior to inspect a defective light pole owned and used by the city upon which he was employed. Briefs were there filed which contained a most exhaustive review of the authorities, in which it was insisted that our decisions upon the subject of the liability of governmental agencies for the negligence of their employees was contrary to the overwhelming weight of authority. That was a suit, not against the State, but against a city of the State, and, without attempting to

decide whether our previous decisions were contrary to the weight of authority or not, we adhered to them. We there said: "From the foregoing cases (our own there cited) we may deduce the following principles as being well settled: 1. That a municipality is not liable for the nonfeasance of its officers and agents. 2. That a municipality is not liable for the negligence of its officers and agents in the performance of a governmental function." *Little Rock* v. *Holland,* 184 Ark. 381, 41 S. W. (2d) 383. Certainly the sovereign State has as much immunity from suit as has one of its cities, and, no provision having been made for the maintenance of suits like the instant one, or for the recovery of compensation thereon, the demurrer was properly sustained.

HART, C. J., (dissenting). Mr. Justice HUMPHREYS and myself think that the State Highway Commission is an agency of the State, and not a separate body corporate.

We do not, however, construe our constitutional provision that the State of Arkansas shall never be made defendant in any of her courts to mean that she shall never be defendant. If so, the word "made" might just as well not have been used.

We construe the provision to mean that a State which consents to be sued may prescribe the court, the terms, and conditions. The extent of the recovery and manner of proceedings are to be governed by the statutes giving the right to sue the State.

Our views are expressed in a more extended way in our concurring opinion in *Arkansas State Highway Commission* v. *Dodge,* 181 Ark. 539, 26 S. W. (2d) 879. It is no answer to say that this view would be but declaratory of the well-settled principle of constitutional law that a sovereign State is incapable of being sued without some legislative provision authorizing such a proceeding. *Auditor* v. *Davies,* 2 Ark. 494.

Other constitutional provisions are but declaratory of existing rights. To illustrate, the provision that private property shall not be taken for public use without just compensation is implied from the nature and struc-

ture of our government, and is generally regarded as founded in the fundamental principles of natural rights and justice, and as lying at the basis of all wise and just government, independent of all written constitutions or positive law. *Cairo & Fulton R. Co.* v. *Turner,* 31 Ark. 494, 25 Am. Rep. 564.

It seems anomalous to us to say that the framers of the Constitution meant to say that the State, through its Legislature, could not provide the particular court or courts in which claims might be established, but could provide for their establishment before the Highway Commission or other board or court of claims. Such course would be unnecessarily cumbersome and expensive, and less in keeping with the dignity of the State than to allow itself to be sued in its own constitutional courts upon such terms and conditions as its legislative body may prescribe.

"When a State does abdicate this attribute of sovereignty and permits itself to be sued, the citizen who benefits by such an act of grace acquires no vested right thereby, but simply a privilege voluntarily granted by the State, which may be hedged about with terms and conditions, and may be withdrawn as freely as it was given." Re Hooper, 179 N. Y. 308, 72 N. E. 229.

We do not think that the act limits claims to those founded on contract. If the Highway Commission negligently injures a person in the construction of the State highways, there would be the same liability under the act as where it took or injured property, or committed a breach of contract relating to road construction.

Mr. Justice MEHAFFY agrees to this construction of the act.