CARGILE et al. v. NEW YORK TRUST CO.

No. 9789.

Circuit Court of Appeals, Eighth Circuit.

Nov. 18, 1933.

Rehearing Denied Dec. 6, 1933.

Walter L. Pope, of Pocahontas, Ark., and Roy D. Campbell, of Forrest City, Ark. (Hal L. Norwood, of Little Rock, Ark., on the brief), for appellants.

J. W. House, of Little Rock, Ark. (Eugene R. Warren, of Little Rock, Ark., on the brief), for appellee.

Before GARDNER, WOODROUGH, and VAN VALKENBURGH, Circuit Judges.

GARDNER, Circuit Judge.

This is a suit in equity in which the appellee as plaintiff below asked for the appointment of a receiver to take charge of the De Valls Bluff tollbridge, and for general relief. The parties will be referred to as they were designated in the lower court.

The plaintiff is a corporation, organized under the laws of New York, and is a trustee for bondholders designated in a deed of trust executed by the White River Bridge Corporation, former owner of the De Valls Bluff tollbridge, to secure a bond issue in the aggregate sum of $500,000. The defendants, other than the defendant Fred Watson, are members of and constitute the state highway commission of the state of Arkansas, and as such maintain and operate the tollbridge for highway purposes, and the defendant Fred

Watson is state revenue commissioner, and as such officer collects the tolls paid by the traveling public for the use of the bridge.

The bill of complaint in substance alleges that the state highway commission had taken over the tollbridge on the 18th of August, 1930, pursuant to a judgment in a condemnation proceeding brought against the White River Bridge Corporation, the then owner of the bridge, by the state of Arkansas, a copy of the judgment being attached to and made a part of the bill of complaint; that under the terms of the deed of trust securing the bonds issued by the White River Bridge Corporation, a payment of $17,500 became due on the 28th day of April and the 28th day of October of each year succeeding the date of the deed of trust, such payments to be used in paying interest due May 1st and November 1st, respectively, of each year on the outstanding bonds, the remainder of the payments to be used in retiring bonds; that since taking over the bridge the state highway commission had collected approximately $200,000 in tolls; that by act of the Legislature of the state of Arkansas for the year 1933, authority to make collections of tolls was vested in the revenue commissioner; and that the Legislature failed to make any appropriation for the payment of the obligations existing against the tollbridges in the state.

It appears from the judgment in condemnation that the state of Arkansas assumed the balance of the bonded indebtedness due on the bridge in full payment for the bridge and all franchises, rights of way, and other properties connected with the bridge. On the date of the entry of the judgment in condemnation, the indebtedness against the bridge was $463,000. This judgment contains provision "that the State of Arkansas shall, in accordance with the terms of the above described deed of trust, assume and pay to the bondholders the outstanding bonds, aggregating $463,000.00, and interest"; that the defendant White River Bridge Corporation recover from the plaintiff the state of Arkansas the sum of $1 damages, which, together with the assumption by the state of the bonded indebtedness, "shall be in full payment and compensation of the above described bridge, franchises, rights of way, and other properties." The judgment also recites that the said properties "be and the same are hereby condemned for public use, and the title thereto divested out of said defendant, the White River Bridge Corporation, and invested in the State of Arkansas, for use and operation by its Highway Commission in such manner and under such terms as the said Highway Commission may determine."

It is also alleged in the bill of complaint that the deed of trust contains provision to the effect that, "If default shall have happened and shall be continued, a receiver may be appointed to take possession of and to operate, maintain and manage the trust estate, or any part thereof"; that the "deed of trust further provided that on or before the 1st day of March of each year 50% of the net tolls collected from the operation of the bridge up to an amount so that the total annual requirements to be paid by the said bridge corporation need not exceed the total sum of $52,000.00, said fund to be used as a sinking fund for the purpose of retiring said bonds in the manner specified in said deed of trust"; that the trustee was authorized to bring suit in the event of default in any of the payments provided for therein. It is further alleged that unless a receiver be appointed to take possession of the tollbridge, all tolls will be collected and spent by the state, in violation of the provisions of said trust agreement; that plaintiff has no adequate remedy at law; and that unless a receiver be appointed to take charge of the property and disburse the tolls in accordance with the order of the court, plaintiff and the bondholders will suffer irreparable injuries. Foreclosure of the deed of trust is not sought, but plaintiff prays for the appointment of a receiver to take charge of the bridge, with authority to collect all tolls, and to operate the bridge under direction of the court, and deposit all funds with the register of the court, and expend the same on the order of the court, and that the court restrain the interference of the receiver by any person, firm, or corporation, either public or private, and for general relief.

To this bill of complaint the defendants filed a motion to dismiss, upon the grounds, among others, that: (1) It does not state facts sufficient to constitute a cause of action against the defendants, or either of them; (2) that it fails to show that there was no adequate remedy afforded the plaintiff; (3) that it shows on its face that it is a suit against the state of Arkansas in its sovereign capacity, and cannot, therefore, be maintained.

On hearing, the court denied the motion to dismiss and entered its decree appointing two receivers, "for the purpose of collecting all tolls and emoluments derived from the De Valls Bluff Bridge, and the said receivers are

hereby authorized and directed to take charge of said bridge for said purpose of collecting the said tolls and emoluments, and are authorized and directed to collect all tolls now authorized to be collected by law or by rules and regulations of the Highway Department, and deposit the same daily as directed by this court, and to hold all such collections subject to the further order of this court with respect thereto.

"It is further ordered and decreed that the State Highway Commission and each of the individual members composing the same, their officers, agents and employees, the State Revenue Commissioner, his agents and employees, and all other persons, be, and they are hereby, restrained and enjoined from in any manner interfering with the receivers in the collection of said tolls."

From this decree defendants prosecute this appeal, urging as grounds for reversal: (1) That the appointment of a receiver was the ultimate and only relief sought by the complaint, and the court was without jurisdiction to appoint receivers, except as an incident to some other ultimate relief; (2) that the plaintiff had an adequate remedy at law in the courts of the state of Arkansas for the collection of the interest due on the bonds, and for the enforcement of the terms of its deed of trust; and (3) that this was a suit against the state of Arkansas, interfering with the exercise of one of its sovereign powers, and the federal court was without jurisdiction to hear and determine the matter.

As this last contention goes to the jurisdiction of the court to enter the judgment appealed from, we shall consider it first, because if the court was without jurisdiction, that is determinative of the case, and the other issues presented need not be considered.

■ The Eleventh Amendment to the Constitution provides that the judicial power of the United States shall not be construed to extend to any suit in law or in equity, commenced or prosecuted against one of the United States by citizens of another state. Prior to the adoption of this amendment, the judicial power was held to extend to a suit by a citizen of one state against another state. Chisholm v. Georgia, 2 Dall. 419, 1 L. Ed. 440. This case led to the adoption of the Eleventh Amendment, since which time the federal judicial power does not extend to a suit brought against a state, without its consent, by a citizen of another state, even in cases arising under the Constitution or laws of the United States. Carolina Glass Co. v. South Carolina, 240 U. S. 305, 36 S. Ct. 293, 60 L. Ed. 658;

Murray v. South Carolina, 213 U. S. 174, 29 S. Ct. 465, 53 L. Ed. 752; Murray v. Wilson Distilling Co., 213 U. S. 151, 29 S. Ct. 458, 53 L. Ed. 742; Hans v. Louisiana, 134 U. S. 1, 10 S. Ct. 504, 33 L. Ed. 842; Ex parte New York, 256 U. S. 490, 41 S. Ct. 588, 65 L. Ed. 1057; Pennoyer v. McConnaughy, 140 U. S. 1, 11 S. Ct. 699, 35 L. Ed. 363; Ex parte Ayers, 123 U. S. 443, 8 S. Ct. 164, 31 L. Ed. 216; Cunningham v. Macon & B. R. Co., 109 U. S. 446, 3 S. Ct. 292, 609, 27 L. Ed. 992; Louisiana v. Jumel, 107 U. S. 711, 2 S. Ct. 128, 27 L. Ed. 448; Hopkins v. Clemson Agri. College, 221 U. S. 636, 31 S. Ct. 654, 55 L. Ed. 890, 35 L. R. A. (N. S.) 243; Smith v. Reeves, 178 U. S. 436, 20 S. Ct. 919, 44 L. Ed. 1140; State Highway Commission v. Utah Constr. Co., 278 U. S. 194, 49 S. Ct. 104, 73 L. Ed. 262; O'Connor v. Slaker (C. C. A. 8) 22 F.(2d) 147; Hertz v. Knudson (C. C. A. 8) 6 F.(2d) 812.

It is contended on behalf of the appellee, however: First, that this is not a suit against the state of Arkansas; and, second, that even if it should be held to be such a suit, that the state has consented that it may be so sued.

■ The Eleventh Amendment limits the jurisdiction of federal courts only in respect to those cases in which the state is a real party in interest. Hopkins v. Clemson Agri. College, 221 U. S. 636, 31 S. Ct. 654, 55 L. Ed. 890, 35 L. R. A. (N. S.) 243; Lincoln County v. Luning, 133 U. S. 529, 10 S. Ct. 363, 33 L. Ed. 766; Ex parte Ayers, 123 U. S. 443, 8 S. Ct. 164, 31 L. Ed. 216. It does not limit the jurisdiction over suits against state officers or agents. Martin v. Lankford, 245 U. S. 547, 38 S. Ct. 205, 62 L. Ed. 464; Johnson v. Lankford, 245 U. S. 541, 38 S. Ct. 203, 62 L. Ed. 460; Caldwell v. Sioux Falls Stock Yards Co., 242 U. S. 559, 37 S. Ct. 224, 61 L. Ed. 493; Pitney v. Washington, 240 U. S. 387, 36 S. Ct. 385, 60 L. Ed. 703; Tanner v. Little, 240 U. S. 369, 36 S. Ct. 379, 60 L. Ed. 691; Truax v. Raich, 239 U. S. 33, 36 S. Ct. 7, 60 L. Ed. 131, L. R. A. 1916D, 545, Ann. Cas. 1917B, 283; Harrison v. St. Louis & S. F. R. Co., 232 U. S. 318, 34 S. Ct. 333, 58 L. Ed. 621, L. R. A. 1915F, 1187; Reagan v. Farmers' L. & T. Co., 154 U. S. 362, 14 S. Ct. 1047, 38 L. Ed. 1014. Thus a suit may be maintained to restrain an officer or agent of a state, acting under a statute which is void because in violation of the Constitution of the United States, or otherwise violative of constitutional rights. Reagan v. Farmers' L. & T. Co., 154 U. S. 362, 14 S. Ct. 1047, 38 L. Ed. 1014; Looney v. Crane Co., 245 U. S. 178, 38 S. Ct. 85, 62 L. Ed. 230; Louisville

& N. R. Co. v. Greene, 244 U. S. 522, 37 S. Ct. 683, 61 L. Ed. 1291, Ann. Cas. 1917E, 97; Hopkins v. Clemson Agri. College, 221 U. S. 636, 31 S. Ct. 654, 55 L. Ed. 890, 35 L. R. A. (N. S.) 243; Gunter v. Atlantic Coast Line R. Co., 200 U. S. 273, 26 S. Ct. 252, 50 L. Ed. 477; Herndon v. Chicago, R. I. & P. R. Co., 218 U. S. 135, 30 S. Ct. 633, 54 L. Ed. 970; Western Union Tel. Co. v. Andrews, 216 U. S. 165, 30 S. Ct. 286, 54 L. Ed. 430; Old Colony Trust Co. v. City of Seattle, 271 U. S. 426, 46 S. Ct. 552, 70 L. Ed. 1019.

■■■ The mere fact, therefore, that the defendants are officers or agents of the state, does not in itself place them beyond the reach of equitable power. Immunity from suit is an attribute of sovereignty which cannot be invoked by public officers when sued for their own wrongful acts, even though such acts might be committed under color of an unconstitutional statute. Individual officers of a state do not constitute a privileged class, but are amenable to the law, and they cannot interpose the shield of the Eleventh Amendment. If, however, the officer is merely a nominal defendant, and the state is the real party in interest, then the suit is in substance one against the state, and cannot be maintained. Carolina Glass Co. v. South Carolina, 240 U. S. 305, 36 S. Ct. 293, 60 L. Ed. 658; Farish v. State Banking Board, 235 U. S. 498, 35 S. Ct. 185, 59 L. Ed. 330; Lankford v. Platte Iron Works Co., 235 U. S. 461, 35 S. Ct. 173, 59 L. Ed. 316; Hopkins v. Clemson Agri. College, 221 U. S. 636, 31 S. Ct. 654, 55 L. Ed. 890, 35 L. R. A. (N. S.) 243; Cunningham v. Macon & B. R. Co., 109 U. S. 446, 3 S. Ct. 292, 300, 609, 27 L. Ed. 992; Christian v. Atlantic & N. C. R. Co., 133 U. S. 233, 10 S. Ct. 260, 264, 33 L. Ed. 589.

■■ As has been observed, the title to the toll-bridge was by the judgment in condemnation vested in the state of Arkansas. It became a part of the highway system of the state. The state was in the sole and exclusive possession of it. True, it held this possession through certain officers and agents who were by law charged with the duty of operating the property. Their possession, however, was the possession of the state, and it is apparent that the object of the suit was to deprive the state of that possession and impound the income from the tolls, and thereby directly interfere with the possession of the property owned and possessed by the state in its sovereign capacity. The officers were, therefore, mere nominal parties, and the state

was the real party in interest; in fact, as the owner and in possession of this property, the state was a necessary party to the maintenance of such a suit.

In Cunningham v. Macon & B. R. Co., supra, the foreclosure of a mortgage securing certain bonds was sought. Both possession and title to the property rested in the state of Georgia, and the suit was brought against the Governor and trustees of the state and certain private parties. In the course of the opinion in that case, the court said:

"In the case now under consideration the state of Georgia is an indispensable party. It is in fact the only proper defendant in the case. No one sued has any personal interest in the matter, or any official authority to grant the relief asked.

"No foreclosure suit can be sustained without the state, because she has the legal title to the property, and the purchaser under a foreclosure decree would get no title in the absence of the state. The state is in the actual possession of the property, and the court can deliver no possession to the purchaser. The entire interest, adverse to plaintiff, in this suit is the interest of the state of Georgia in the property, of which she has both the title and possession."

In Christian v. Atlantic & N. C. R. Co., supra, the state was in possession of property on which it was sought to foreclose a lien. After quoting from Cunningham v. Macon & B. R. Co., supra, the court said:

"These remarks are strikingly applicable to the present case. The state of North Carolina is the only party really concerned. The whole proceeding is virtually against her. The object of the suit is to get possession of her property; to sequester her dividends, if any there may be, and to compel the payment of them to the complainants; to seize and sell her stock in the railroad, stock of which she is in sole possession. Be it true that the bondholders have a lien on said dividends and stock, it is not a lien that can be enforced without suit, and that a suit against the state. * * *

"We think that the state is an indispensable party to any proceeding in equity in which its property is sought to be taken and subjected to the payment of its obligations; and that the present suit is of that character, and cannot be sustained."

We are, therefore, of the view that this suit is in substance one against the state of Arkansas, and hence cannot be maintained

unless, as claimed by the plaintiff, the state has given its consent to the maintenance of this suit.

■ Immunity from suits in the federal courts under the Eleventh Amendment is a personal privilege which may be waived in a case otherwise within the jurisdiction of the court.

■ The argument of plaintiff is based upon Act No. 2, p. 2, of the Acts of Arkansas (Ex. Sess.), approved October 3, 1928, which reads in part as follows: "Section 1. Suits against the State Highway Commission, the State Highway Note Board, the members or any member of either, or against any State officer, involving any act done or proposed to be done in the administration of the State Highway Department, or of any law pertaining to the State Highway system, shall be brought. only at the seat of government, in Pulaski County."

This suit was brought in the United States District Court for the Eastern District of Arkansas, Western Division, which embraces Pulaski county, and if the above-quoted statute amounts to a consent to a suit against the state, then the lower court had jurisdiction.

The Constitution of Arkansas, section 20, article 5, provides that, "The State of Arkansas shall never be made defendant in any of her courts."

The Supreme Court of Arkansas has had frequent occasion to consider the relation of this provision of the Constitution to the above-quoted statute. These decisions left the matter as to whether such a suit as this could be maintained in grave doubt. Arkansas State Highway Commission v. Dodge, 186 Ark. 640, 55 S.W.(2d) 71; Bull v. Ziegler, 186 Ark. 477, 54 S.W.(2d) 283; Baer v. Arkansas State Highway Commission, 185 Ark. 590, 48 S.W.(2d) 842; Campbell v. Arkansas State Highway Commission, 183 Ark. 786, 38 S.W.(2d) 753; Arkansas State Highway Commission v. Dodge, 181 Ark. 539, 26 S.W. (2d) 879.

A very recent decision of the Supreme Court of Arkansas, however, has removed this matter from the realm of doubt. In the case of Fred Watson, Revenue Commissioner, Petitioner v. Frank H. Dodge, Chancellor of Pulaski Chancery Court, and W. E. Lenon, Receiver, Respondents, 63 S.W.(2d) 993, 994 (not yet reported [in State Report]), handed down since the trial of this suit in the lower court, the Attorney General of the state, in behalf of Fred Watson, state revenue commissioner, sought a writ of prohibition against the chancellor of the Pulaski chancery court, and W. E. Lenon, theretofore appointed receiver, in a certain cause therein pending. The nature of the suit against the prosecution of which a writ of prohibition was sought, was very similar to the present suit, and involved the same property. In the course of the opinion, the court, among other things, said:

"On the threshold of this controversy, we are met with the contention that the suit pending in the Pulaski county chancery court is one, in effect, against the state, and cannot be maintained.

"On behalf of respondent, it is insisted, first, that the suit is not one against the state, and, secondly, that, if so, it may be maintained, the state having expressly consented thereto by legislative enactment."

After holding that the suit was, in effect, one against the state of Arkansas, the court addressed itself to the contention that the state had given its consent to the maintenance of suits against itself, and resolves that question against the contention of respondent, definitely holding that the state had not, by the enactment of the above-quoted statute or otherwise, given consent to the maintenance of a suit against itself.

■ This construction of the Arkansas statute and Constitution is, of course, binding on this court. City of Campbell v. Arkansas-Missouri Power Co. (C. C. A. 8) 55 F.(2d) 560; Wabash R. Co. v. City of St. Louis (C. C. A. 8) 64 F.(2d) 921; E. C. Warner Co. v. W. B. Foshay Co. (C. C. A. 8) 57 F.(2d) 656.

■ Having held in the instant case that the suit is one against the state, the jurisdiction of the federal court must fail, even though the state of Arkansas had waived its immunity and consented to be sued. The suit being, in effect, one against the state, the officers named are simply nominal parties. Jurisdiction is based upon diverse citizenship. A state, however, is not a citizen, and a suit between a state and a citizen or a corporation of another state is not one between citizens of different states, and hence the federal court has no jurisdiction, unless the suit arises under the Constitution, laws, or treaties of the United States. There is here no diversity of citizenship between the real parties in interest, the state and the New York Trust Company, as trustee, and no other ground of jurisdiction is asserted. State Highway Commission v. Utah Construction Co., 278 U. S. 194, 49 S. Ct. 104, 73 L. Ed. 262; Postal

Teleg. Cable Co. v. Alabama, 155 U. S. 482, 15 S. Ct. 192, 39 L. Ed. 231; Minnesota v. Northern Securities Co., 194 U. S. 48, 24 S. Ct. 598, 48 L. Ed. 870.

The judgment appealed from is, therefore, reversed, and the cause remanded to the lower court, with directions to dismiss the suit for want of jurisdiction.