## STATE HIGHWAY COMMISSION in ARKANSAS et al. v. KANSAS CITY BRIDGE CO.*

### No. 10419.

Circuit Court of Appeals, Eighth Circuit. Feb. 13, 1936.

Walter L. Pope and Leffel Gentry, both of Little Rock, Ark. (Carl E. Bailey, Atty. Gen. of Arkansas, on the brief), for appellants.

J. F. Loughborough, of Little Rock, Ark., and Richard S. Righter, of Kansas City, Mo., for appellee.

Before STONE, SANBORN, and BOOTH, Circuit Judges.

SANBORN, Circuit Judge.

The Kansas City Bridge Company, a Missouri corporation, brought this suit against the state highway commission of Arkansas and its members, for the purpose of securing a judgment for $100,000 and interest under a contract for extra compensation for work done and materials furnished in the erection and completion of a highway toll bridge across the Red river on state highway No. 2 near Garland City, Ark. The sole ground of federal jurisdiction was diversity of citizenship. The commission moved to dismiss on the ground that the suit was against the state of Arkansas, of which the court lacked jurisdiction under the Eleventh Amendment to the Constitution of the United States, and that diversity of citizenship did not exist. This motion was denied. The suit was tried as an equity case, and a decree was entered in favor of the bridge company and against the commission for $100,000 and interest. The jurisdiction of the court below is challenged.

Unless that court had jurisdiction, it would serve no useful purpose to set forth in detail the facts out of which the controversy arose, or the conflicting claims of the parties. The bridge company makes no claim that the individual defendants, members of the commission, are in any way liable to it, nor does it claim that the commission has any funds, or property out of which the judgment would be collectible. It does claim that, under its contract with the commission for additional compensation, the commission recognized the company's right to be paid $100,000 for extra work in reconstructing the bridge, after a portion of it had been wrecked by persons unknown, and that, while its contract with the commission provided for the payment of the extra compensation from tolls to be collected in the future, it is because of changed conditions, entitled to a judgment against the commission which can be made the basis for the issuance by the refunding board of the state of Arkansas of funding notes pursuant to Act No. 11 of the 2d Extraordinary Session of the General Assembly of the state of Arkansas 1934, approved February 14, 1934, p. 28, which, by its terms, makes the judicial determination of the validity of a claim conclusive on the board.

At the time the suit below was tried and the decree entered, the rule in Arkansas was that the highway commission was an entity subject to suit. Arkansas State Highway Commission v. Dodge, 181 Ark. 539, 26 S.W.(2d) 879; Baer v. Arkansas State Highway Commission, 185 Ark. 590, 48 S.W.(2d) 842; Arkansas State Highway Commission v. Dodge, 186 Ark. 640, 55 S.W.(2d) 71. After the decree was entered, the Supreme Court of Arkansas, in the case of Arkansas State Highway Commission v. Nelson Bros., 87 S.W.(2d) 394, overruling all of its former opinions to the contrary, held that the commission was an agency of the state performing governmental functions; that a suit against it was a suit against the state; and that, under the Constitution of Arkansas, the state could not consent to be sued.

*Certiorari denied, 56 S. Ct. 682, 80 L. Ed. ——.

The question of jurisdiction of the federal court of a similar suit was presented to and passed upon by this court in Utah Construction Co. v. State Highway Commission of Wyoming, 23 F.(2d) 638. There, as here, the suit was against a highway commission to recover a money judgment for increased compensation for highway construction. It was conceded in that case, as in this, that the commission had nothing from which the judgment could be paid, and that no recovery could be had from the members of the commission. This court held that the commission might be sued as an entity distinct from the state itself, and that the trial court had jurisdiction because of diverse citizenship. On certiorari, the Supreme Court reversed (State Highway Commission of Wyoming v. Utah Construction Co., 278 U.S. 194, 199, 49 S. Ct. 104, 106, 73 L.Ed. 262) and held that the federal court had no jurisdiction, saying:

"It seems to us sufficiently clear that the suit is, in effect, against the state of Wyoming. The contract for the construction of the work in question was between the Utah Construction Company and the state. The state acting through the highway commission, as it might through any officer, became a party to the original agreement and obligated herself thereby. Neither the commission nor any of its members assumed any direct or personal responsibility. The supplemental agreement was not intended to impose liability where there was none before. Its purpose, considering the changed circumstances, was to modify in the ways specified what the original parties had undertaken to do. The commission was but the arm or alter ego of the state, with no funds or ability to respond in damages. There is no claim that the members of the commission are personally liable."

The bridge company does not contend that the case at bar can be distinguished from the Wyoming Case because of any difference in the character and function of the Arkansas commission, but contends that the contract which the Wyoming commission made, by its express terms, showed that it was made for the state by the commission, while in the case at bar the contract, by its terms, was that of the Arkansas commission itself.

This distinction, we think, is one of form, rather than of substance. That under the laws of Arkansas the commission is a state agency performing governmental functions with respect to the construction and maintenance of state highways and state highway bridges is not disputed. That it was acting as such agency in entering into the contract which is the basis of this suit is likewise undisputed. The revenues available for meeting obligations incurred by that commission were state revenues. It was as much "the arm or alter ego of the State" as was the highway commission of Wyoming. If a suit against the Wyoming commission was a suit against the state of Wyoming, then this suit is one against the state of Arkansas, regardless of the form of the contract sued upon. The legal effect of the contract would be the same whether it stated that it was made by the state through the commission or by the commission itself. In either event, it would be a contract made and executed by an agency of the state on behalf of the state. Moreover, the purpose of this suit was to require the state to make pecuniary satisfaction for a liability which, it has been held, would make the suit one against the state. Ex parte State of New York et al., 256 U.S. 490, 501, 502, 41 S.Ct. 588, 65 L. Ed. 1057; Smith v. Reeves, 178 U.S. 436, 438, 439, 20 S.Ct. 919, 44 L.Ed. 1140; Hertz et al. v. Knudson (C.C.A.8) 6 F.(2d) 812, 816, 817; Cargile et al. v. New York Trust Co. (C.C.A.8) 67 F.(2d) 585, 588.

An argument that there is a distinction between this case and State Highway Commission of Wyoming v. Utah Construction Co., supra, could be based on the proposition that, up to the time the decree was entered by the court below, the highway commission was, by the decisions of the Supreme Court of Arkansas, recognized to be a separate legal entity subject to suit. The Circuit Court of Appeals of the Fifth Circuit, in Louisiana Highway Commission v. Farnsworth, 74 F.(2d) 910, pages 912, 913 (certiorari denied, 294 U.S. 729, 55 S. Ct. 638, 79 L.Ed. 1259), made such a distinction. It appeared in that case that the act creating the Louisiana commission made it a body corporate which could sue or be sued, and that the Supreme Court of Louisiana had held that the commission was a legal entity distinct from the state, not unlike a levee district or the board of commissioners of the Port of New Orleans. It is scarcely conceivable, however, that federal jurisdiction in a case such as that before us, which jurisdiction is governed by the Constitution and laws of the United States (Smith v. Reeves, supra, 178 U.S.

436, 441, 20 S.Ct. 919, 44 L.Ed. 1140; Collin County Nat. Bank of McKinney, Tex. v. Hughes [C.C.A.8] 152 F. 414, 415; Barber Asphalt Pav. Co. v. Morris [C.C.A.8] 132 F. 945, 949, 67 L.R.A. 761), could be controlled by the varying views of the Supreme Court of Arkansas, so that on one day the federal court would have jurisdiction because under the state law the commission was regarded as an entity separate from the state, and the next day would be without jurisdiction because in the meantime the state Supreme Court had held that the commission was the state and could not be sued. No doubt, the federal courts, in determining the character and status of state agencies, will be influenced by state decisions, but the question of whether a suit is one between citizens of different states is ultimately a question as to which the federal courts must express an independent judgment. We think that the true distinction between the case of Louisiana Highway Commission v. Farnsworth, supra, and State Highway Commission of Wyoming v. Utah Construction Co., supra, is that in the former the federal court had jurisdiction not because the state Supreme Court had held that the commission was a legal entity distinct from the state and subject to suit, but because, under the Constitution and laws of Louisiana, it was such a legal entity and a citizen of Louisiana—while in the latter case the highway commission of Wyoming was a mere representative of the state. No such distinction can properly be made here. A holding that the Arkansas commission was a distinct corporate entity subject to be sued would be contrary not only to the decision of the Supreme Court of the United States in the Wyoming Case, but also to the latest decision of the Supreme Court of Arkansas on the question of the status of the commission.

Since this suit must be held to be, in effect, a suit against the state of Arkansas, and since a state is not a citizen, there is no diversity of citizenship and no jurisdiction. State Highway Commission of Wyoming v. Utah Construction Co., supra, 278 U.S. 194, 199, 200, 49 S.Ct. 104, 73 L.Ed. 262; Postal Telegraph Cable Co. v. State of Alabama, 155 U.S. 482, 487, 15 S.Ct. 192, 39 L.Ed. 231; State of Minnesota v. Northern Securities Co., 194 U.S. 48, 63, 24 S.Ct. 598, 48 L.Ed. 870; Stone v. South Carolina, 117 U.S. 430, 6 S.Ct. 799, 29 L.Ed. 962; Germania Insurance Co. v. Wisconsin, 119 U.S. 473, 7 S.Ct. 260, 30 L.Ed. 461; Hertz et al. v. Knudson (C.C.A.8) supra, 6 F.(2d) 812, 815; Cargile et al. v. New York Trust Co., supra (C.C.A.8), 67 F.(2d) 585, 589.

The decree is reversed and the case remanded with directions to dismiss the complaint for lack of jurisdiction.

BOOTH, Circuit Judge.

I concur in the result, but place my concurrence on the ground that the highway commission had no authority to enter into the compromise agreement, which agreement was the basis of its present suit.