## STATE OF NORTH DAKOTA v. NATIONAL MILLING & CEREAL CO., Inc.

### No. 11723.

Circuit Court of Appeals, Eighth Circuit.

Oct. 15, 1940.

Harold D. Shaft, of Grand Forks, N. D. (Alvin C. Strutz, Atty. Gen., and P. O. Sathre, Asst. Atty. Gen., on the brief), for appellant.

L. J. Palda, Jr., of Minot, N. D. (Robert W. Palda, of Minot, N. D., on the brief), for appellee.

Before SANBORN, WOODROUGH, and THOMAS, Circuit Judges.

THOMAS, Circuit Judge.

In an action instituted by the plaintiff, appellee, to recover damages for an alleged breach of contract, judgment was entered against the defendant, appellant, upon a directed verdict for $26,833 and costs. The plaintiff is a New Jersey corporation. Jurisdiction is dependent upon diversity of citizenship and the amount involved.

The appellant contends here, as it did below, that the district court was without jurisdiction because (1) the appellant is a sovereign state and that (2) diversity of citizenship is wanting. The appellee contends that (1) the action is not against the state of North Dakota in its sovereign capacity but that it is against an agency or separate entity of the state created for the purpose of carrying on a business, that is, the North Dakota Mill and Elevator Association, and (2) that even if it be held that the appellant is acting in its sovereign capacity it has by statute waived its immunity from suit in both the federal and state courts.

The complaint demanded judgment for damages against the defendant for the alleged breach of four contracts entered into in 1935 for the sale to plaintiff of flour. It was alleged that the defendant, under the laws of North Dakota of 1919, entered into an industrial program a part of which was the operating of a mill in the City of Grand Forks, North Dakota, and that it made itself liable by such laws and subject to civil actions whether based upon

contract or tort. The contracts upon which the action is based grew out of transactions connected with the mill at Grand Forks.

■ We first consider the issue whether the defendant is or is not a sovereign state. It is not denied that a sovereign cannot be sued in its own or any other court without its consent and permission. Beers v. Arkansas, 20 How. 527, 61 U.S. 527, 15 L.Ed. 991; James v. Dravo Contracting Co., 302 U.S. 134, 58 S.Ct. 208, 82 L.Ed. 155, 114 A. L.R. 318. The defendant's status depends upon the proper construction of the Constitution and the statutes of the state of North Dakota and the decisions of its supreme court. Louisiana Highway Commission v. Farnsworth, 5 Cir., 74 F.2d 910; State of Missouri v. Homesteaders Life Ass'n, 8 Cir., 90 F.2d 543.

Article 11, sec. 185 of the Constitution of North Dakota provides that: "The state, any county or city, may make internal improvements and may engage in any industry, enterprise or business * * * but neither the state nor any political subdivision thereof shall * * * subscribe to or become the owner of capital stock in any association or corporation."

The North Dakota Mill and Elevator Association was originally created by the Laws of North Dakota of 1919, Ch. 152. It was re-established by successive legislatures in 1923 (Laws, Ch. 295), in 1925 (Laws, Ch. 163), in 1931 (Laws, Ch. 268), and in 1933 (Laws, Ch. 193). Each successive act of the legislature repealed all acts inconsistent with its provisions. The Act of 1933 provided: "That for the purpose of encouraging and promoting agriculture, commerce and industry, the State of North Dakota shall engage in the business of manufacturing and marketing farm products and for that purpose shall establish a system of warehouses, elevators, flour mills, factories, plants, machinery and equipments, owned, controlled and operated by it under the name of North Dakota Mill and Elevator Association, hereinafter for convenience called the Association. In the creation of the North Dakota Mill and Elevator Association, it was the intention of the Legislature, and it is the intention of this Legislature, that all acts of the Association shall be the acts of the State of North Dakota, functioning in its sovereign and governmental capacity and no court shall ever construe this Section otherwise. The Mill and Elevator Association is not a separate agency of the sovereign power, but

is the state itself—functioning." Ch. 193, Sec. 1, North Dakota Session Laws of 1933.

Section 2, Ch. 193, of the 1933 Act, provides that the government of the Association shall be under the control of the Industrial Commission, consisting of the Governor, the Secretary of Agriculture and Labor, and the Attorney General. Laws 1933, c. 191, amending Comp.Laws Supp. 1925, § 368a2. Section 368a1 of the same chapter provides that, "In the creation of the Industrial Commission, it was the intention of the Legislature, and it is the intention of this Legislature, that all acts of the Industrial Commission shall be the acts of the State of North Dakota, functioning in its sovereign capacity, and no court shall ever construe this Section otherwise."

Provision for the support of the Association from public funds is made in section 9, Ch. 193, Laws of 1933. No disbursements may be made by the Industrial Commission in respect to the operations of the Association beyond the appropriations and earnings lawfully made available each year. Section 8 of the Act provides that: "Civil actions may be brought against the State of North Dakota on account of causes of action claimed to have arisen out of transactions connected with the operation of the Association, upon condition that the provisions of this Section are complied with. In such actions the State shall be designated as 'The State of North Dakota, doing business as North Dakota Mill and Elevator Association,' and the service of process therein shall be made upon the Manager of the Association. Such actions may be brought in the same manner and shall be subject to the same provisions of law as other civil actions brought pursuant to the provisions of the Code of Civil Procedure. Such actions shall be brought, however, in the county where the Association shall have its principal place of business, except as provided in Sections 7405 [7415] 7416 and 7418, Compiled Laws of North Dakota, 1913. The provisions of section 375 and 657 of the Compiled Laws of 1913 shall not apply to claims against the state affected by the provisions of this section."

■ It seems clear that the action is one against the state and not against any separate entity. The clear language of the North Dakota statutes will not support a contrary view. The relief sought is a judgment against the state. The judgment must be satisfied out of public funds. Such a suit is one against the state. Smith v.

Reeves, 178 U.S. 436, 439, 20 S.Ct. 919, 44 L.Ed. 1140; Ex parte State of New York, 256 U.S. 490, 501, 41 S.Ct. 588, 65 L.Ed. 1057; State Highway Comm. v. Utah Construction Co., 278 U.S. 194, 199, 49 S.Ct. 104, 73 L.Ed. 262; State Highway Commission in Arkansas v. Kansas City Bridge Co., 8 Cir., 81 F.2d 689, 690; Cargile v. New York Trust Co., 8 Cir., 67 F.2d 585, 588. As such it is within the direct prohibition of the Eleventh Amendment of the Constitution. The fact that the liability, if any, arises out of a commercial venture ordinarily not conceived of as a governmental function is immaterial. Murray v. Wilson Distilling Co., 213 U.S. 151, 29 S.Ct. 458, 53 L.Ed. 742; William C. Popper & Co. v. Pennsylvania Liquor Control Board, D.C.Pa., 16 F.Supp. 762.

It is unnecessary to consider the effect of section 8 of the Act granting authority to bring actions against the state on account of causes of action claimed to have arisen out of transactions connected with the operations of the association on condition that such actions shall be brought in the county where the association has its principal place of business. But see Smith v. Reeves, supra; Murray v. Wilson Distilling Co., supra. In State Highway Commission v. Utah Construction Co., supra [49 S.Ct. 106, 73 L.Ed. 262], the Supreme Court said, "No consent by the state to submit itself to suit could affect the question of diverse citizenship." In Postal Telegraph Cable Co. v. Alabama, 155 U.S. 482, 487, 15 S.Ct. 192, 194, 39 L.Ed. 231, the court said: "A state is not a citizen. And under the judiciary acts of the United States it is well settled that a suit between a state and a citizen or a corporation of another state is not between citizens of different states, and that the circuit court of the United States has no jurisdiction of it, unless it arises under the constitution, laws, or treaties of the United States." This rule has been repeatedly recognized. Minnesota v. Northern Securities Co., 194 U.S. 48, 63, 24 S.Ct. 598, 48 L.Ed. 870; State of Missouri v. Homesteaders Life Ass'n, 8 Cir., 90 F.2d 543; State Highway Commission in Arkansas v. Kansas City Bridge Co., 8 Cir., 81 F.2d 689, 690; Cargile v. New York Trust Co., 8 Cir., 67 F.2d 585. The rule precludes jurisdiction of the district court in the instant case even if consent of the state be assumed.

Having found that the district court is without jurisdiction to hear and determine the alleged cause of action, it is unnecessary to consider other questions discussed by the parties on appeal. The judgment appealed from is reversed and the case remanded, with instructions to dismiss the complaint for want of jurisdiction.