## ST. JOSEPH AND GRAND ISLAND RAILROAD COMPANY *v.* STEELE.

APPEAL FROM THE COURT OF APPEALS FOR THE EIGHTH CIRCUIT.

No. 256. Argued March 31, April 1, 1897. — Decided May 24, 1897.

No Federal question is presented in this bill, on which the Circuit Court could base the exercise of jurisdiction, and such jurisdiction cannot be found in the character of the controversy as one existing between citizens of different states.

A railroad company, owning and operating a line running through several States, may receive and exercise powers granted by each, but does not thereby become a citizen of every State it passes through, within the meaning of the jurisdiction clause of the Constitution of the United States.

THE St. Joseph and Grand Island Railroad Company, describing itself as a corporation created and subsisting under and by virtue of the laws of Kansas and Nebraska, and as a common carrier operating a railroad as a continuous line from the city of Grand Island, in the State of Nebraska, to the city of St. Joseph, in the State of Missouri, which railroad passes through Doniphan County, in the State of Kansas, filed, in the Circuit Court of the United States for the District of Kansas, a bill of complaint against R. M. Steele, sheriff of said Doniphan County, and a citizen of the State of Kansas, seeking to restrain the said Steele, as sheriff of Doniphan County, from levying upon and selling the complainant's property situated in said county, for taxes assessed and levied against the same for the year 1892 by the assessing authorities of Doniphan County.

The defendant answered; an agreed statement of facts was filed; and, after argument, a decree was entered dismissing the bill at plaintiff's costs. Thereupon an appeal was taken by the complainant to the United States Circuit Court of Appeals for the Eighth Circuit, where the decree of the Circuit Court was affirmed. 27 U. S. App. 436. The case was then brought to this court on appeal.

Mr. *John M. Thurston*, with whom was Mr. *John F. Dillon* on the brief, for appellant.

Mr. *P. L. Soper* and Mr. *J. H. Gillpatrick* for appellee.

MR. JUSTICE SHIRAS delivered the opinion of the court.

The St. Joseph and Grand Island Railroad Company, in its petition filed in the Circuit Court of the United States for the District of Kansas against R. M. Steele, sheriff of Doniphan County, Kansas, alleged that the controversy in the case involved the construction of an act of Congress approved July 14, 1870, granting to the St. Joseph and Denver City Railroad Company the right to build a bridge and maintain the same across the Missouri River at or near St. Joseph, Missouri; and also of an act of Congress approved March 5, 1872, authorizing and empowering the St. Joseph Bridge Building Company. to construct a bridge across the Missouri River at or near St. Joseph, Missouri; that said bridge was built under these acts, and that all of its revenue-producing facilities were derived therefrom, and that the controversy was over the right to tax this bridge.

But the other allegations of the bill disclose the case of a dispute arising under the taxing laws of the State of Kansas. One half of said bridge is within Doniphan County. On May 16, 1892, the railroad company returned to the auditor of the State a list and schedule of its property and railroad, including that part of said bridge. Thereupon the state board of railroad assessors for the State of Kansas duly assessed, for the purposes of taxation for the year 1892, all the property of

said railroad company; the county commissioners of Doniphan County, in pursuance of law, duly fixed and determined the amount of the tax which the railroad company was to pay for the year 1892; and the company duly paid the same to the treasurer of Doniphan County. Subsequently one George Manville, as trustee and assessor of Washington township in Doniphan County, made an assessment of that part of said bridge lying within said township, claiming that the same was subject to taxation in said township as an independent structure and as a toll bridge. Thereupon the county commissioners of Doniphan County, at their regular meeting in the month of June, 1892, acted upon said assessment, and, against the protest of the railroad company, levied upon said portion of the bridge lying within Washington township a tax for the year 1892.

The railroad company alleges in its bill that neither the county nor township authorities of Doniphan County have or had any authority or jurisdiction to assess and levy any taxes whatever upon the bridge property of the company in Doniphan County, but that the said state board of railroad assessors of Kansas had exclusive jurisdiction for assessing the said property of the company in said county, and asks for an injunction restraining the sheriff of said county from selling or offering for sale the said bridge property for the taxes so assessed against the same for the year 1892 by the local authorities of Doniphan County.

It thus appears that the railroad company does not claim that, by virtue of any provisions of the several acts of Congress under which the bridge was built, the company is exonerated from paying taxes on the same within the jurisdiction of the State of Kansas, but its contention is that the bridge is to be regarded as a component part of its railroad, and as such is only taxable by the state board of railroad assessors, and that the county and township authorities cannot legally tax the bridge as a toll bridge for local purposes. The question thus presented, as we understand it, is one to be decided by and under the laws of the State of Kansas. The power of that State to tax the bridge property is not denied, but the argument is made that

the theory and true meaning of the state taxing laws is to restrict the exercise of that power to the state board of railroad assessors. The contention on the other side is that under the taxing laws of the State of Kansas it was proper for the state board to assess the railroad as an entirety, and for the county authorities to assess the bridge as an independent structure or toll bridge. This position is based on the dual character of the bridge, used, as it is, for both carrying the trains of the railroad company and vehicles and passengers who pay tolls. To give a Federal aspect to this question it is urged that the franchise to exact tolls was conferred on the original builders of the bridge by act of Congress. But this would not raise a Federal question unless it were claimed that, by reason of such grant, the bridge was exempted from state taxation. But the bill and argument of the railroad company, as we have seen, concede the right of the State to tax the bridge, but find fault with the method by which the taxing authorities, state and county, assessed the taxes for 1892, a question to be decided under the laws of Kansas.

We cannot accede to the proposition that, because the acts of Congress, which authorized the construction of the bridge in question, gave the right to build a railroad and toll bridge, the conceded power of the State to tax did not extend to the bridge in both aspects. Nor can we agree that the making of such a contention raised a Federal question of a character to confer original jurisdiction in the Circuit Court of the United States. Not every mere allegation of the existence of a Federal question in a controversy will suffice for that purpose. There must be a real substantive question, on which the case may be made to turn. Nor can jurisdiction be inferred argumentatively from the averments in the pleadings, but the averments should be positive. *Hanford* v. *Davies*, 163 U. S. 273, 279.

Finding no Federal question actually presented in the bill on which the Circuit Court could base the exercise of jurisdiction, we are now to inquire whether such jurisdiction can be found in the character of the controversy as one existing between citizens of different States.

The allegations of the bill in that respect were as follows:

" The St. Joseph and Grand Island Railroad Company is a corporation created and subsisting under and by virtue of the laws of Kansas and Nebraska." " The defendant is the duly elected, qualified and acting sheriff of Doniphan County, Kansas, and a citizen thereof."

There is no allegation in the bill as to the nature of such corporation — whether it originated in special laws or under general laws of those States. Nor does it appear in which State the company was first incorporated. Our examination of the state statutes has led us to suppose that this company was formed by proceedings under general laws providing for consolidating railroad companies in adjoining States.

However this may be, such an allegation as we have here does not show that the railroad company complainant was a citizen of a different State than that of which the defendant was a citizen. Indeed, the allegation is, in effect, that the railroad company and the defendants were citizens of the State of Kansas.

Such a state of the record brings the case directly within *Ohio & Mississippi Railroad* v. *Wheeler*, 1 Black, 286, where it was held that a corporation, endowed with its capacities and facilities by the coöperating legislation of two States, cannot have one and the same legal being in both States; that neither State can confer on it a corporate existence in the other, nor add to or diminish the powers to be there exercised; and that two corporations deriving their powers from distinct sovereignties, and exercising them within distinct limits, cannot unite as plaintiffs in a suit in a court of the United States against a citizen of either of the States which chartered them.

While a railroad company, owning and operating a line running through several States, may receive and exercise powers granted by each, and may, for many purposes, be regarded as a corporation of each, such legislation does not avail to make the same corporation a citizen of every State it passes through, within the meaning of the jurisdiction clause of the Constitution of the United States. *Memphis & Charles-*

*ton Railroad* v. *Alabama,* 107 U. S. 581 ; *St. Louis & San Francisco Railway* v. *James,* 161 U. S. 545.

*The decree of the Circuit Court of Appeals is reversed ; the decree of the Circuit Court for the District of Kansas is likewise reversed, and the cause is remanded to that court with directions to dismiss the bill of complaint for want of jurisdiction. The costs in this court to be paid by appellant.*