STATE OF WEST VIRGINIA ex rel. HALFPENNY et al. v. McDONALD et al.

(Circuit Court of Appeals, Fourth Circuit. July 10, 1912.)

No. 1,087.

SHERIFFS AND CONSTABLES (§ 157*)—LEVY—LIABILITY.

Where plaintiff obtained an attachment which was placed in the hands of a deputy sheriff who made a return reciting a levy on stacks of lumber consisting of oak, poplar, chestnut, etc., at designated places, and took all the lumber in his possession, and plaintiff did not, as he could have done, compel a corrected return, and there was nothing to show that the lumber levied on was sufficient to pay any part of plaintiff's claim, other than was paid by lumber sold and applied, or anything to show lack of reasonable care on the part of the sheriff or those representing him, in taking care of lumber levied on, or that the cost of such care would not equal the injury caused by want of care, the sheriff and the sureties on his official bond were not liable for negligence in permitting persons to remove lumber levied on.

[Ed. Note.—For other cases, see Sheriffs and Constables, Cent. Dig. §§ 354–371; Dec. Dig. § 157.*]

In Error to the Circuit Court of the United States for the Northern District of West Virginia, at Philippi.

Action at law by the State of West Virginia, on the relation of John Halfpenny and another, against Floyd McDonald and another. There was a judgment for defendants, and plaintiffs bring error. Affirmed.

H. M. McCaughey (W. B. Maxwell and E. L. Maxwell, on the briefs), for plaintiffs in error.

E. D. Talbott, for defendants in error.

Before GOFF, Circuit Judge, and BOYD and ROSE, District Judges.

GOFF, Circuit Judge. This is an action at law to recover damages of the defendants below, Floyd McDonald and the Citizens' Trust & Guaranty Company of West Virginia. The former had been sheriff of Randolph county, W. Va., and the said Trust Company was the surety on his official bond. The declaration filed by the plaintiff alleged that the said McDonald, as such sheriff, did not observe and faithfully perform the conditions of his official bond, but made default therein. the breach assigned being that on the 16th day of November, 1907, Halfpenny & Hamilton instituted a certain suit in equity in the circuit court of Randolph county, W. Va., against H. W. Tate and C. M. McDivitt, partners doing business as Tate & McDivitt. and that pending said suit an order of attachment was duly issued against the property of H. W. Tate and C. M. McDivitt for a balance of about $3,500 for money claimed to be due from them to Halfpenny & Hamilton. and also for $4,000 damages. Said attachment was served on certain garnishees; the proceedings thereunder not being material in the disposition of this writ of error. On November 23, 1907, at the instance of the plaintiff below, a second attachment for a like purpose was duly issued against the property of said Tate & McDivitt, which was placed in the hands of a deputy for said sheriff, who made a return of the same in these words:

"Nov. 27th, 1907, levied within order of attachment upon all the stacks of lumber consisting of oak and chestnut at the R. R. Siding at Fisher in Roaring Creek District, and upon all the stacks of lumber at what is known as the Andy Durkin 'set' in Roaring Creek District, and on Nov. 28th, 1907, levied upon all the lumber at the siding at Kingsville Station in Roaring Creek District. consisting of oak, poplar. chestnut, etc.. and took all of said lumber in my possession.    C. M. Marstiller, Dept. for Floyd McDonald, S. R. C."

The declaration further alleged that on the 11th day of July, 1908, the circuit court of Randolph county entered a decree abating said attachment, and that from that decree Halfpenny & Hamilton appealed to the Supreme Court of West Virginia, which court on the 9th day of March. 1909, reversed that decree, and adjudged that the attachment was sued out on good and sufficient grounds, and that the property so attached, or a sufficient portion thereof, should be sold to satisfy the sum of $3,736.14, with interest and costs, subject to credits for such sums as might be collected from the garnishees before mentioned; also, it is alleged in the declaration that the lumber so levied upon was amply sufficient to have fully paid plaintiff's entire claim and costs; that to satisfy the sum due plaintiff the sheriff

197 F.—20

was directed to make sale of the lumber he had attached, which he was unable to do because he had carelessly permitted practically all of it to be stolen from his possession, and had not cared for and protected it, as he should have done after having taken it into his possession, and that because of such negligence Halfpenny & Hamilton lost most of their said claim and the interest and costs due them, because of which and the breach of duty mentioned the said sheriff became liable for the sum demanded; that C. M. Marstiller aforesaid, the deputy who permitted certain parties to unlawfully take and remove the lumber mentioned after it had been levied upon, was the duly qualified deputy of said sheriff.

With the permission of the court and in conformity with the usual practice, the defendant McDonald appeared and filed his plea of "nil debet," on which issue was joined, and the case duly tried to a jury, which rendered a verdict for the defendants.

The plaintiff moved to set aside said verdict, which the court after argument and due consideration refused to do. During the trial the plaintiff excepted to certain rulings of the court, and tendered bills of exceptions which were duly signed. The instructions to the jury asked for by the plaintiff were given by the court, as was also the instruction requested by the defendant McDonald. To the judgment entered on the verdict so rendered this writ of error was awarded.

The instruction given by the court at the instance of the defendant, to which the plaintiff objected, and which is involved in this writ, reads as follows:

"The court instructs the jury that an officer who levies an order of attachment upon personal property is not an insurer thereof; and therefore unless the jury believes from the evidence that the lumber levied upon under the order of attachment of November 23, 1907, and particularly specified in the sheriff's return thereon, or any material part thereof, was, because of the negligence, or want of reasonable care and diligence on the part of the defendant McDonald, unlawfully taken and removed out of and from the jurisdiction of the circuit court of Randolph county, then the jury should find for the defendant; and the court further instructs the jury that the burden of proving that the defendant McDonald failed to use ordinary care and diligence to protect the said lumber levied upon and taken into his possession, and the removal of said lumber or any material part thereof from the possession of the said defendant and out of the jurisdiction of said circuit court are upon the plaintiff."

The testimony in this case is uncertain, contradictory, confusing, and not of that character that would justify a jury in returning a verdict for damages against any one. It fails to show the quantity of lumber levied upon, it does not specify the amount of lumber removed after the levy was made, it fails to show whether or not all of the lumber removed was from the places and the stacks of lumber levied on, or from the places and stacks not levied on. The evidence is most unsatisfactory—in fact, is pure guess work—as to the number of feet of lumber covered by the attachment and taken into his possession by the officer making the levy. The fact that the return made by the officer making the levy was not explicit, and did not definitely describe the property, is immaterial. There was no objection to said return when it was made and filed, and the officer making it was not

compelled to amend and correct it, as the plaintiff could have compelled him to do. We are unable to see how the jury could have rendered any other verdict than it did, as it was without evidence from which any calculation could have been made showing that the lumber levied on was sufficient to have paid any part of the plaintiff's claim, other than was paid by the lumber sold and so applied. It fails to clearly establish lack of reasonable care on the part of the defendant McDonald or those representing him. The nearest approach to doing so relates to the failure to restack a part of said lumber, whereby likely a portion of it was injured, but in that connection, conceding the injury, no effort was made to show that the cost of such care and attention would not have equaled if not exceeded the injury caused thereby.

The instruction given by the court was, under the circumstances disclosed by the testimony in this case, most favorable to the plaintiff below, and the failure to recover the damages claimed must be attributed to the weakness of his case as presented to the jury—whatever in fact its strength may have been—and not to the instruction given by the court, with which we find no fault. The assignments of error are without merit. We find no error in the judgment complained of.

Affirmed.