## MARTIN *v.* LANKFORD ET AL.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF OKLAHOMA.

No. 97.   Submitted December 18, 1917.—Decided January 28, 1918.

This action was similar to *Johnson* v. *Lankford, ante,* 541. Here, however, plaintiff sought damages measured by the excess of his claims as depositor over his liability as a stockholder of the bank; and there was not diverse citizenship. *Held,* (1) that the action was not against the State but against the defendant Bank Commissioner personally (and his surety) because of his alleged tortious conduct in violating the state law, and (2) that allegations to the effect that by the Commissioner's wrongful administration of the state law plaintiff's privileges and immunities were abridged and his property taken without due process, in violation of the Constitution, were to be taken as in emphasis of the Commissioner's wrongdoing, not as an

independent ground of recovery; and, in the absence of diverse citizenship, the District Court lacked jurisdiction.

Affirmed.

THE case is stated in the opinion.

*Mr. Charles West* for plaintiff in error, contended in this and the *Johnson Case, ante,* 541, (with which it was presented,) that the conduct of Lankford, besides constituting a breach of duty under the state law, was at the same time in violation of the Federal Constitution, and gave rise to a federal cause of action under Rev. Stats., § 1979, *Myers* v. *Anderson,* 238 U. S. 368. Further, that, done under color of the state law, the conduct amounted to unconstitutional state action, though the law itself was not subject to objection, and that the defendant, guilty of such conduct, became personally liable as a violator of the plaintiffs' privileges and immunities and their rights to due process and equal protection of law, citing *Home Telephone & Telegraph Co.* v. *Los Angeles,* 227 U. S. 278; *Virginia* v. *Rives,* 100 U. S. 313; *Ex parte Virginia,* 100 U. S. 339; *Neal* v. *Delaware,* 103 U. S. 370; *Yick Wo* v. *Hopkins,* 118 U. S. 356; *Raymond* v. *Chicago Union Traction Co.,* 207 U. S. 20; *Ex parte Young,* 209 U. S. 123; *Reagan* v. *Farmers' Loan & Trust Co.,* 154 U. S. 362; *Nashville* v. *Taylor,* 86 Fed. Rep. 168, 184, 185; *Iron Mountain R. Co. of Memphis* v. *City of Memphis,* 96 Fed. Rep. 113; and other authorities. Upon this ground it was sought to sustain the District Court's jurisdiction in the absence of diverse citizenship.

No brief filed for defendants in error.

MR. JUSTICE MCKENNA delivered the opinion of the court.

The action is in certain particulars similiar to No. 96, *ante,* 541, and was submitted with it. The citizenship of the parties, however, is not diverse as in the other action, they being all citizens of Oklahoma. There is a further

difference from the other action in that in the latter the plaintiff was a depositor in the bank while in this he is a stockholder as well as a depositor and seeks to have his stockholder's liability of $2,000 offset against any sums that may be owing to him by reason of the matters set forth in his petition, Lankford, as bank commissioner, having refused to do so. Wherein and wherefore Lankford should have done so and wherein and wherefore he violated his duty to plaintiff through wrongful and neglectful conduct is charged in three causes of action substantially the same as the petition in No. 96, varied only to suit the differences in demand. In other words, that plaintiff lost his deposit because of neglect of duty upon the part of Lankford in the following particulars: (1) Failure to exercise proper supervision over the bank as directed by the statute of the State. (2) Allowing the parties in charge of the bank to squander its assets. (3) Allowing it to continue business while and after its reserve was greatly less than required by law. (4) Allowing its managers continuously and repeatedly to make excessive loans and permit excessive overdrafts. (5) Allowing such managers to remain in charge of its affairs, knowing them to be incompetent and notwithstanding it was his duty to discover such incompetency and, upon discovery, to take possession of the bank for the protection of its depositors and stockholders.

Plaintiff hence prayed that his stockholder's liability of $2,000 be offset against the sums due him and for recovery of the overplus, which he alleged to be $6,669.25, and interest thereon.

The Attorney General of the State appeared specially and alleged that the State "is a necessary party in interest to a proper determination of the issues described in the plaintiff's petition," that it "does not consent to be sued in this cause, and objects to this action being maintained against it." The motion concluded as follows:—"Wherefore, the State of Oklahoma moves the court to dismiss this

action for want of jurisdiction over the party defendant."

Thereupon, by permission of the court, plaintiff inserted at the end of each cause of action an amendment in substance as follows: That the enforcement of the law of the State through Lankford, as bank commissioner, abridges plaintiff's privileges and immunities as a citizen of the United States in that Lankford allowed and paid out of the assets of the bank and out of the Guaranty Fund the deposits of other persons similarly situated with plaintiff and refused arbitrarily to pay his, plaintiff's, deposit. And by the imposition of the lien on the assets of the bank by the State for the sums advanced by it to the payment of such other depositors postpones and prevents the collection of plaintiff's deposit because the amount so advanced is greater than the assets, and that plaintiff was entitled to the same treatment as other depositors.

The court then passed upon the motion to dismiss and granted it, reciting that the question of jurisdiction was alone involved.

The petition charges delinquency on the part of Lankford whereby the bank's officers were enabled to so conduct its affairs as to bring it to insolvency, making it necessary for him to take possession of it with its assets depleted. The petition also charges such conduct after he took possession as to subordinate plaintiff's claim to that of other depositors in the same situation. His conduct in this last particular, it is said, was in violation of the equal protection and due process clauses of the Constitution of the United States.

We assume that the amendment to the petition which charges that the lien of the State upon the assets of the bank was so enforced as to give other depositors a preference was intended to be but another way of asserting violation of the Constitution, not by the law of the State, but by the wrongful administration of the law by Lank-

ford. Indeed the petition negatives state action. It is based, as we have seen, upon the tortious conduct of Lankford, not in exertion of the state law but in violation of it. The reasoning of No. 96 is therefore applicable and the conclusion must be the same, that is, the action is not one against the State, and the District Court erred in dismissing it for want of jurisdiction on that ground.

We say "on that ground," for we are brought to the consideration whether the judgment of dismissal can be sustained upon another ground. There is confusion in the petition and the argument used to support it. As we have seen, Lankford is charged with dereliction of duty whereby plaintiff in error has been injured; but there is an assignment of error based upon the due process and other clauses of the Constitution of the United States. They were violated, the assignment recites, by Lankford's conduct by which other depositors were preferred to plaintiff, and the decision was "without evidence, without notice, without a hearing provided by law, without an opportunity afforded by law for judicial review"; and that the District Court erred in deciding that "the consequent action based upon said facts against" Lankford and the insurance company as his surety "was in effect one against the State of Oklahoma."

In No. 96 we said of a like allegation that it was only possible to regard it as emphasis of Lankford's wrongdoing, not as an independent ground of recovery. To hold otherwise would be to disregard the whole scheme of plaintiff's petition which is, as we have seen, a cause of action against Lankford because of his derelictions. This being the nature of the action, the District Court erred in regarding it as one against the State and dismissing it on that ground. But, however, its judgment was right, plaintiff and Lankford being citizens of the same State, and the Surety Insurance Company being an Oklahoma corporation, and therefore the judgment must be affirmed.  *Affirmed.*