### WOODHOUSE v. BUDWESKY et al.
### No. 3573.

Circuit Court of Appeals, Fourth Circuit.
April 3, 1934.

Raymond M. Hudson, of Washington, D. C. (Henry Woodhouse on the brief), for appellant.

Albert V. Bryan, of Alexandria, Va., and William Beasley, of Baltimore, Md. (Wilson M. Farr, of Fairfax, Va., I. P. Whitehead, of Baltimore, Md., and Maurice B. Rich, of New York City, on the brief), for appellees.

Before PARKER and SOPER, Circuit Judges, and BAKER, District Judge.

**PER CURIAM.**

This is an appeal from a decree dismissing a bill in equity for lack of jurisdiction, on the ground that there was not the required diversity of citizenship and no federal question was involved. We think that this decree was clearly right and that contention to the contrary is frivolous. The bill alleged that complainant was a citizen and resident of New York and that three of the defendants were citizens and residents of that state. This was clearly fatal to jurisdiction based on diversity of citizenship. Strawbridge v. Curtiss, 3 Cranch, 267, 2 L. Ed. 435; Case of the Sewing Machine Companies, 18 Wall. 553, 21 L. Ed. 914; Rose's Federal Jurisdiction & Procedure (3d Ed.) § 264. And it was the duty of the court to note such lack of jurisdiction, irrespective of action by the parties. 28 USCA § 80; Williams v. Nottawa Twp., 104 U. S. 209, 212, 26 L. Ed. 719; Mansfield, C. & L. M. R. Co. v. Swan, 111 U. S. 379, 382, 4 S. Ct. 510, 28 L. Ed. 462; Ellenwood v. Marietta Chair Co., 158 U. S. 105, 108, 15 S. Ct. 771, 39 L. Ed. 913.

No federal question is raised by the bill. It alleges oppressive prosecution of claims by a firm of attorneys, conspiracy between them and the judge of a state court, who is named as a defendant, and abuse of the process and procedure of the state court. In addition, there is an allegation that the local board of tax assessors, which is joined as defendant, has wrongfully granted a tax exemption to other persons and that complainant is denied the benefit of such exemption. While there are a number of charges in the bill that rights guaranteed to plaintiff by the Constitution of the United States have been violated by defendants, no facts are alleged showing that the power of the state has been used to deprive plaintiff of such constitutional rights. As in Martin v. Lankford 245 U. S. 547, 38 S. Ct. 205, 207; 62 L. Ed. 464, the bill alleges tortious conduct "not in exertion of the state law but in violation of it." And it is well settled, that it is not sufficient to sustain jurisdiction that the pleading merely assert that conduct complained of violates constitutional rights. It must set forth facts from which the court can see that such rights have been violated. There must be a "federal question, not in mere form, but in substance, and not in mere assertion, but in essence and effect." Cuyahoga River Power Co. v. Northern Ohio T. & L. Co., 252 U. S. 388, 397, 40 S. Ct. 404, 408, 64 L. Ed. 626; Ex parte Poresky, 290 U. S. 30, 54 S. Ct. 3, 4, 78 L. Ed. 152; Carolina & N. W. R. Co. v. Town of Lincolnton (C. C. A. 4th) 33 F. (2d) 719, 721.

The decree dismissing the bill was correct, and same will accordingly be affirmed.

Affirmed.