## McCARTNEY v. STATE OF WEST VIRGINIA et al.

### No. 5481.

Circuit Court of Appeals, Fourth Circuit.

July 30, 1946.

740

D. M. McCartney, pro se.

Bonn Brown, of Elkins, W. Va. (Ira J. Partlow and Kenneth E. Hines, both of Charleston, W. Va., and Stanley Bosworth, of Elkins, W. Va., on the brief), for appelles.

Before SOPER and DOBIE, Circuit Judges, and CHESNUT, District Judge.

DOBIE, Circuit Judge.

D. M. McCartney of Randolph County, West Virginia, hereinafter referred to as plaintiff, has appealed to this Court from the dismissal of his complaint, for lack of jurisdiction, by the District Court for the Northern District of West Virginia. This complaint sought damages from the State of West Virginia and from the sheriff and jailor of Randolph County for alleged false imprisonment (in "violation of the United States Constitution") and involuntary servitude incident to plaintiff's arrest and detention for a brief period under a lunacy warrant.

The State answered the complaint with a motion to dismiss for lack of jurisdiction upon the basis that the action violated Section 35, Article VI of the State Constitution and also the 11th Amendment to the Constitution of the United States. The individual defendants also asked for dismissal of the complaint for lack of jurisdiction, arising from the absence of diversity of citizenship, and they also entered a general denial. A pre-trial conference was had, at which the jurisdictional question was further inquired into, after which the motion to dismiss was granted. This appeal followed.

The State's immunity from suit without its consent is a doctrine of longstanding and unquestioned authority. This immunity, at least with respect to actions brought by citizens of the state sued, does not arise from the restriction of the 11th Amendment, which provides:

"The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

Rather, it comes from what Hamilton described in the *Federalist* as the "inherent * * * nature of sovereignty not to be amenable to the suit of an individual *without its consent.*" This rule was laid down in unmistakable terms in Hans v. Louisiana, 134 U.S. 1, 10 S.Ct. 504, 506, 33 L.Ed. 842, in an opinion by Mr. Justice Bradley, and has continued without modification since that date. It is nowhere contended that the State of West Virginia has consented to be sued by this plaintiff. Accordingly, the motion to dismiss as to it was properly granted.

We come, then, to the question of whether the individual defendants were equally entitled to a dismissal of the complaint. The immunity of the State of West Virginia from a suit brought against it without its consent does not extend to the individual defendants herein. Ohlinger (1 Federal Practice 159, 160, 167) divides suits against state officers or government bodies into four types, the fourth of which is "cases against state officers in which plaintiff seeks judgment for damages arising from their acts." He then summarized

the effect of the 11th Amendment on such suits in the following language:

"Generally, cases falling under (1) are held to be within the prohibition of Amend. XI; cases under (2), (3) and (4) are not within that prohibition. The rationale of the distinction is that state officers, in acting illegally, step outside the protection of their office. In such cases, in their *individual capacities* they may be prevented from wrongfully injuring another, may be forced to give up specific physical property, or may be sued for damages. But to require affirmative action by such officers in their official capacity would be to require the state to act, and is prohibited."

This view was specifically upheld by the Supreme Court in Scott v. Donald, 165 U.S. 58, 68-70, 17 S.Ct. 265, 41 L.Ed. 632. And it may be noted that this Court has previously entertained another suit for damages against the sheriff of this same county. State of West Virginia v. McDonald, 4 Cir., 197 F. 304.

In cases involving a federal question, it is stated in Dobie on Federal Procedure, pages 164-165:

"Since the jurisdiction here depends upon the nature of the controversy, when a federal question is really involved and the jurisdictional amount is present, no other basis of jurisdiction, such as diversity of citizenship, is necessary; so that the District Court would have jurisdiction, even though the plaintiff and defendant may both be citizens of the same state."

■■■ If, therefore, the plaintiff here (the jurisdictional amount being present) in good faith asserts a right, the decision of which depends wholly or in part upon the construction or application of the Constitution, laws or treaties of the United States, then the federal District Court (even though plaintiff and defendant are all citizens of West Virginia) has jurisdiction. It is equally clear that the federal question, to confer jurisdiction on the federal District Court, must be real and substantial, not colorable or frivolous. The federal question must really appear, not by mere inference or suggestion. Hanford v. Davies, 163 U.S. 273, 16 S.Ct. 1051, 41 L.Ed. 157; Western Union Telegraph Co.

v. Ann Arbor R. Co., 178 U.S. 239, 20 S.Ct. 867, 44 L.Ed. 1052. And the federal question must be an essential or integral part of the plaintiff's case. Tennessee v. Union & Planters' Bank, 152 U.S. 454, 14 S.Ct. 654, 38 L.Ed. 511; Shulthis v. MacDougal, 225 U.S. 561, 32 S.Ct. 704, 56 L.Ed. 1205. Mere references to the federal Constitution, laws or treaties and mere assertions that a federal question is involved are not sufficient to confer jurisdiction. Starin v. New York, 115 U.S. 248, 6 S.Ct. 28, 29 L.Ed. 388; Farrell v. O'Brien, 199 U.S. 89, 25 S.Ct. 727, 50 L.Ed. 101; Lambert Run Coal Co. v. Baltimore & Ohio R. Co., 258 U.S. 377, 42 S.Ct. 349, 66 L.Ed. 671. The federal courts have been vigilant to protect their jurisdiction against cases in which the alleged federal question is purely fictitious.

■■■ Judged by these criteria, the alleged federal question in the instant case lacked reality and substance. The District Court, therefore, properly granted the motion to dismiss as to the two individual defendants, Hamrick and Pritt.

Plaintiff's complaint contained three references to the federal Constitution.

"Said false imprisonment was a *violation of the United States Constitution* in as much as such false imprisonment was imposed upon the said D. M. McCartney without first duly examining him for the desease of insanity of which he was accused.

"* * * said State of West Virginia and its Agents, Virgil Hamrick and Dallas Pritt, did *abridge the privelages and ammunities* of the said D. M. McCartney as a citizen of the United States.

"Therefore the said D. M. McCartney Prays that the United States Court for the Northern District of West Virginia will promptly procede to hear this case and render *justice according to the Constitution of the United States.*" (Italics ours.)

In view of the vagueness and uncertainty of the allegations of the complaint, the District Judge, out of abundance of caution, ordered that there be held a pre-trial conference at which the plaintiff, who was not represented by counsel, was present. As a result of the pre-trial conference, it appeared that the plaintiff's thought in alleging a breach of the 14th Amendment

742

of the Federal Constitution with respect to his privileges and immunities was based on his mistaken legal contention that he could sue the State of West Virginia, although a citizen of the State, because if he had been a citizen of the State of Ohio, he could have sued the State of West Virginia. Both of these contentions were obviously unsound as a matter of law, but plaintiff's statement at the pre-trial conference showed that this was the real basis of the breach of his constitutional rights. The pre-trial conference also developed that the principal insistence of the plaintiff was his right to sue the State of West Virginia. Incidentally, he made some complaint that he had been arrested without prior examination into his sanity, that the warrant of arrest was not shown to him and seemed to contend that this was a lack of due process of law. See 6 C.J.S. Arrest, § 4, p. 577. However, no specific reference was made to any action or authority of the State of West Virginia with respect to the procedure in lunacy matters; nor was there any apparent reason for a charge of lack of due process.

■ The provisions of the Fourteenth Amendment to the federal Constitution as to due process of law are limitations on the power of a State and do not apply to the acts of State officers when these acts are wholly unauthorized by the State. St. Joseph & Grand Island R. Co. v. Steele, 167 U.S. 659, 17 S.Ct. 925, 42 L.Ed. 315; Barney v. New York, 193 U.S. 430, 24 S.Ct. 502, 48 L.Ed. 737; Martin v. Lankford, 245 U.S. 547, 38 S.Ct. 205, 62 L.Ed. 464.

Nor is the plaintiff helped here by the broad language used by Mr. Justice Black in Bell v. Hood, 66 S.Ct. 773, 774. For in that case there was a clear-cut allegation of a violation of the rights of the plaintiffs under the Fourth and Fifth Amendments to the United States Constitution by "subjecting their premises to search and their possessions to seizure." And the Supreme Court there again pointed out that a suit may be dismissed for lack of jurisdiction in the federal District Court "where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous."

Finally, we point out that the present civil action is for false arrest and imprisonment. If any substantial basis exists for such an action, the courts of West Virginia are freely open to plaintiff, with the right of appeal to the highest court of that State and then, if any actual rights guaranteed to him by the Federal Constitution are really denied, he can resort to the Supreme Court of the United States.

The judgment of the District Court, dismissing plaintiff's action (as to both the State of West Virginia and the individual defendants) for lack of jurisdiction is, accordingly, affirmed.

Affirmed.