CLARK, Atty. Gen. et al. v. INOUYE et al.
No. 11839.

United States Court of Appeals
Ninth Circuit.

June 23, 1949.

---

[3] The other being Plant v. Sanders, 209 Ark. 108, 189 S.W.2d 720.

H. G. Morison, Asst. Atty. Gen., James M. Carter, U. S. Atty., Ernest A. Tolin, Asst. U. S. Atty., Los Angeles, Cal., Enoch E. Ellison, Sp. Asst. to Atty. Gen., Bonnell Phillips and Paul J. Grumbly, Attorneys, Dept. of Justice, Washington, D. C., for appellant.

A. L. Wirin and Fred Okrand, Los Angeles, Cal. (Nanette Dembitz, Arthur Garfield Hays and Osmond K. Fraenkel, New York City, Frank F. Chuman, Los Angeles, Cal., Counsel, American Civil Liberties Union, of counsel), for appellee.

Before DENMAN, Chief Judge, and STEPHENS and ORR, Circuit Judges.

DENMAN, Chief Judge.

This is an appeal from a judgment declaring that the renunciations of citizenship executed by appellees are null and void and restoring appellees to their rights of United States citizenship.

Appellees, all of whom were born in the United States, were interned in Relocation Centers established to take care of persons of Japanese ancestry after their exclusion from certain areas of the West Coast in 1942. Pursuant to 58 Stat. 677, 8 U.S.C. § 801(i), 8 U.S.C.A. § 801(i)[1] enacted in 1944, appellees executed written renunciations of their United States citizenship. In this action, commenced under 8 U.S.C. § 903, 8 U.S.C.A. § 903[2], appellees seek a judgment declaring that these renunciations be cancelled and that they are citizens of the United States. Before the commencement of this action appellees were released from the internment above described.

At the outset, we are met with the contention of appellants, raised here for the first time, that the court below was without jurisdiction to entertain such a suit against such government officials because there is no allegation of any facts showing any denied right.

The amended complaint, paragraph III, alleged in part that "the defendants deny that plaintiffs are nationals of the United States and have denied the plaintiffs' rights and privileges as nationals of the United States; and have announced that the plaintiffs do not possess United States nationality or citizenship." The answer denied that plaintiffs were nationals of the United States and admitted the other allegations of paragraph III.

The question is whether by thus admitting as true the allegation that appellants

---

1 "§ 801. General means of losing United States nationality. A person who is a national of the United States, whether by birth or naturalization, shall lose his nationality by * * *

"(i) Making in the United States a formal written renunciation of nationality in such form as may be prescribed by, and before such officer as may be designated by, the Attorney General, whenever, the United States shall be in a state of war and the Attorney General shall approve such renunciation as not contrary to the interests of national defense."

2 "§ 903 * * * If any person who claims a right or privilege as a national of the United States is denied such right or privilege by any Department or agency, or executive official thereof, upon the ground that he is not a national of the United States, such person, regardless of whether he is within the United States or abroad, may institute an action against the head of such Department or agency in the District Court of the United States for the District of Columbia or in the district court of the United States for the district in which such person claims a permanent residence for a judgment declaring him to be a national of the United States. * * * *"

"have denied the plaintiffs' rights and privileges as nationals," an issue of fact is raised in that respect. The government contends that the allegation of denials of rights and privileges is a mere conclusion of law which tenders no issue of fact and that by the admission of a conclusion of law no issue of fact is raised.

In determining that question the appellate court shall consider facts proved in the course of the trial showing a jurisdiction though it does not appear in the pleadings. Norton v. Larney, 8 Cir., 289 F. 395, affirmed 266 U.S. 511, 45 S.Ct. 145, 69 L. Ed. 413. Also, though the answer admit the jurisdictional facts, jurisdiction may be contested by a showing of its collusive acquisition. Deputron v. Young, 134 U.S. 241, 10 S.Ct. 539, 33 L.Ed. 923. Here no facts were proved showing a right or privilege and the sole question is the sufficiency of the complaint's allegation and the answer's admission.

■ We agree with appellants that an admission in the answer of conclusions of law stated in the complaint raises no issue of fact and the question here is whether or not the challenged allegation tenders an issue of fact.

■ We think it does not. Whether a right or privilege has been denied is a question of law to be determined upon facts showing the denial. That question of law can be raised only upon the allegations of fact constituting the denial.

In Little York Gold Washing & Water Co. v. Keyes, 96 U.S. 199, 24 L.Ed. 656, the Supreme Court affirmed a remand to the state court of a removed suit, wherein the petition for removal alleged a title derived under the laws of the United States and that the determination of the suit. would necessarily involve and require the construction of laws of the United States, but no facts were stated to enable the court to see whether the determination of the suit necessarily depended upon the construction of the statute set out. The Court said, 96 U.S. at page 203, 24 L.Ed. 656 "The immunities of the statutes are, in effect, conclusions of law from the existence of particular facts. Protection is not afforded under all circumstances. In pleading the statute, therefore, the facts must be stated which call it into operation. The averment that it is in operation will not be enough; for that is the precise question the court is called upon to determine."

And 96 U.S. at page 202, 24 L.Ed. 656, the Court said: "The office of pleading is to state facts, not conclusions of law. It is the duty of the court to declare conclusions, and of the parties to state the premises." Cf. Hull v. Burr, 234 U.S. 712, 720, 34 S.Ct. 892, 58 L.Ed. 1557; Norton v. Whiteside, 239 U.S. 144, 147, 36 S.Ct. 97, 60 L.Ed. 186.

In Woodhouse v. Budwesky, 4 Cir., 70 F.2d 61, certiorari denied 293 U.S. 573, 55 S.Ct. 84, 79 L.Ed. 671, the bill alleged that rights guaranteed to plaintiff by the Constitution of the United States had been violated by defendants, but the facts showing how the power of the state had been used to deprive plaintiff of such rights were not set out. In affirming the dismissal of the bill for want of jurisdiction the court said, 70 F.2d at page 62: "And it is well settled, that it is not sufficient to sustain jurisdiction that the pleading merely assert that conduct complained of violates constitutional rights. It must set forth facts from which the court can see that such rights have been violated. There must be a 'federal question, not in mere form, but in substance, and not in mere assertion, but in essence and effect.' Cuyahoga River Power Co. v. Northern Ohio T. & L. Co., 252 U.S. 388, 397, 40 S.Ct. 404, 408, 64 L.Ed. 626." Cf. McCartney v. State of West Virginia, 4 Cir., 156 F.2d 739, 741.

Here, in the absence of any facts constituting such a denial either in the complaint or the proofs, the restricted jurisdiction of the district court has not been invoked.

The judgment is reversed and the district court instructed to dismiss the complaint.

STEPHENS, Circuit Judge, did not participate in the decision of this case.