William DINNEEN, Appellant,

v.

Robert E. WILLIAMS, Appellee.

No. 14067.

United States Court of Appeals, Ninth Circuit.

Jan. 31, 1955.

W. W. Worthington, San Diego, Calif., for appellant.

Roger Arneberg, City Atty., Ralph Eubank, Robert B. Burns, Deputy City Attys., Los Angeles, Cal., for appellee.

Before STEPHENS and FEE, Circuit Judges, and GOODMAN, District Judge.

JAMES ALGER FEE, Circuit Judge.

██ In a second amended complaint filed in the District Court, it was alleged that defendant at 9:30 p. m., arrested and imprisoned plaintiff for approximately twenty hours, telling the latter that defendant would file a charge of carrying a concealed weapon in violation of a state law, and that plaintiff was released the next day. It is claimed defendant was and represented himself to be a police officer of Los Angeles. It is pleaded that defendant had no probable cause to believe and did not believe that plaintiff had committed a crime. There are no "facts" pleaded as a basis, but there are bald conclusions that the action was in violation of the Fourteenth Amendment, implemented by the Third Civil Rights Act.[1] There was no attempt to set up diversity of citizenship between the parties. The trial court allowed a motion to dismiss upon the ground of lack of jurisdiction. This holding was clearly right. The complaint stated a claim of false imprisonment cognizable only by state law.

The pleader is a lawyer. It appears on the face of the pleading that he has had at least two opportunities to make allegations of any "facts" which would differentiate this from a cause cognizable in a federal court only by diversity of citizenship, which would necessarily appear in the pleadings. The complaint states no facts which involve a federal right. It is therefore obvious that there is not here a defective statement of a violation of a federal right.[2] On the

[1.] 42 U.S.C.A. § 1983.

[2.] This Court has held that, where there is a substantial claim of federal right, jurisdiction is not defeated by the failure of plaintiff to state a cause of action. Pagliero v. Wallace China Co., 9 Cir., 198 F.2d 339, 341; Weiss v. Los Angeles Broadcasting Co., Inc., 9 Cir., 163 F.2d

grounds intimated in the second amended complaint, the district courts do not have jurisdiction except upon definite and specific terms.[3] If the action were against federal officers, a more sketchy statement might be sufficient.[4]

 There was no allegation at all upon which any claim for relief in the United States District Court could be founded. This will appear more clearly by enumeration of deficiencies therein. No conspiracy or joint action is claimed.[5] There is no allegation of basis for contention of abridgment of his privileges and immunities as a citizen or a denial of due process or of equal protection of the laws. There even appears no suggestion of discrimination. The second amended complaint is not sufficient to show by the allegations summarized above a "deprivation, under color of any State law, statute, ordinance, regulation, custom or usage"[6] of any right, privilege or immunity secured by federal law. No deprivation by "state action" is even hinted. While this enumeration of possible grounds may not be exclusive, it highlights the fact that the pleading contains not a scintilla to support the legal conclusion of federal constitutional or statutory claim. But allegations of fact to found such a claim cognizable under some such category are essential to the jurisdiction of the District Court.[7] It is true, by the use of the efficient device of a pre-trial conference, it might have been made positive beyond shadow of doubt that no such matter was involved. But upon its face the second amended complaint shows that the suggestion of federal jurisdiction was merely colorable and for the purpose of obtaining another forum.[8] It is clear enough from the consideration above that this Court finds no claim upon which relief could be granted in a federal court was stated.[9] Since the trial judge obeyed the injunction that such a court should make positive of its power to act at the threshold, on that basis the dismissal is sustained.[10]

Affirmed.

313, 314; Westminster School District of Orange County v. Mendez, 9 Cir., 161 F.2d 774; Mitchell v. Greenough, 9 Cir., 100 F.2d 184. See Williams v. Miller, D.C., 48 F.Supp. 277, modified 317 U.S. 599, 63 S.Ct. 258, 87 L.Ed. 489; Geach v. Moynahan, 7 Cir., 207 F.2d 714.

3. Original jurisdiction of actions to redress the deprivation of civil rights is conferred upon the district courts by 28 U.S.C.A. § 1343. See Schatte v. International Alliance, 9 Cir., 182 F.2d 158, 166.

4. Cases in this classification are not applicable to the present discussion. See Bell v. Hood, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939, which is also distinguishable upon the ground that there was considerable factual background in the complaint.

5. Of course, such allegations, if present, would properly relate to another allied statute. Cf. 42 U.S.C.A. § 1985(3).

6. 28 U.S.C.A. § 1343.

7. "* * * plaintiff relies upon bare generalities and conclusions, unsupported by factual allegations. If this is sufficient, then every state court case of false imprisonment may be brought within federal jurisdiction by the mere unsupported assertion that as a consequence of such false imprisonment the plaintiff was deprived of due process, or of other rights secured by the Fourteenth Amendment. The decisions are to the contrary." Yglesias v. Gulfstream Park Racing Association, 5 Cir., 201 F.2d 817, 818. Viles v. Symes, 10 Cir., 129 F.2d 828; Woodhouse v. Budwesky, 4 Cir., 70 F.2d 61.

8. "* * * the federal question * * * must be real and substantial, not colorable or frivolous. * * * Mere references to the federal Constitution, laws or treaties and mere assertions that a federal question is involved are not sufficient to confer jurisdiction." McCartney v. State of West Virginia, 4 Cir., 156 F.2d 739, 741.

9. Whittington v. Johnston, 5 Cir., 201 F.2d 810, 812; McGuire v. Todd, 5 Cir., 198 F.2d 60; Campo v. Niemeyer, 7 Cir., 182 F.2d 115; Earle C. Anthony, Inc., v. Morrison, D.C., 83 F.Supp. 494, affirmed per curiam, 9 Cir., 173 F.2d 897.

10. "The district court dismissed the complaint for lack of federal jurisdiction, without leave to amend, and plaintiff appeals. * * * As the complaint wholly and unamendably fails to state a claim under 8 U.S.C.A. 47(3) [42 U.S.C.A. 1985 (3)], or any other federal law, the complaint was properly dismissed." Kilgore v. McKethan, 5 Cir., 205 F.2d 425–426.