**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2095
_____

DENNIS MAZZETTI,

Appellant

v.

KARA P. WOOD, in her official capacity as Director of DCP&P;
ALLISON BLAKE, in her official capacity as the Commissioner of the Department
of Children and Families; KATHLEEN A. LUCAS, in her individual capacity;
ANNA SEVERINO, in her individual capacity; MARY WEIXEL-MARTIN, in her
individual capacity; SUSAN M. SLAFF, in her individual capacity;
ALICE SCHAEFFER-NADELMAN, in her individual capacity; JOHN DOES 1-15;
THE NEW JERSEY DIVISION OF CHILD PROTECTION AND PERMANENCY,
f/k/a DIVISION OF YOUTH AND FAMILY SERVICES

On Appeal from the United States District Court
for the District of New Jersey
(D. C. No. 2-12-cv-05347)
District Judge:  Honorable Katharine S. Hayden

Argued on January 16, 2014

Before:  RENDELL, ROTH and BARRY, <u>Circuit Judges</u>

(Opinion filed:  July 30, 2014)

Kenneth J. Rosellini, Esquire  (Argued)
636A Van Houten Avenue
Clifton, NJ 07013

            Counsel for Appellant

Peter D. Wint, Esquire  (Argued)
Carla S. Pereira, Esquire
Office of Attorney General of New Jersey
P.O. Box 116
25 Market Street
Richard J. Hughes Justice Complex
Trenton, NJ 08625

> Counsel for Appellees Kara P. Wood, Allison Blake,
> Kathleen A. Lucas, Anna Severino, Mary Weixel-Martin,
> Susan M. Slaff and New Jersey Division of Child Protection
> and Permanency

Judith A. Wahrenberger, Esquire  (Argued)
JoAnn Pietro I, Esquire
Wahrenberger & Pietro
150 Morris Avenue
Room 303
Springfield, NJ 07081

> Counsel for Appellee Alice Schaeffer-Nadelman

---

O P I N I O N

---

**ROTH**, Circuit Judge:

Dennis Mazzetti appeals the District Court's dismissal of his claims alleging that the New Jersey Division of Child Protection and Permanency (DCPP),[1] five of its officials and caseworkers, Susan M. Slaff, a New Jersey Deputy Attorney General, and Dr. Alice Nadelman, a private psychologist, violated his rights during an investigation and subsequent state court proceeding that terminated his parental rights.  The District

---

[1]  DCPP was formerly known as the Division of Youth and Family Services.  For simplicity, we refer to the entity as DCPP throughout this opinion.

Court found it lacked subject-matter jurisdiction over the claims because of the *Rooker-Feldman* doctrine, *see District of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and, alternatively, that Slaff and Nadelman were absolutely immune from suit arising from their participation in the state dependency proceeding. We will affirm in part, vacate in part, and remand.

## I.    Background[2]

On March 11, 2007, C.M. gave birth to D.M. At the time C.M. was married to Daniel Mazzetti, Dennis's identical twin brother, but she listed Dennis as the father on D.M.'s birth certificate. Because both C.M. and D.M. tested positive for cocaine at birth, DCPP intervened. On March 14, 2007, DCPP obtained an order to show cause, removed D.M. from his parents' custody, and placed him in the care of Linda Mazzetti, his paternal grandmother, while the agency investigated.

After C.M. surrendered her parental rights, DCPP, represented by Slaff, sued in the Superior Court of New Jersey, Chancery Division, Family Part, to terminate Dennis's parental rights. After a five-day trial, including expert testimony from Dr. Nadelman about her examination of Mazzetti and other family members and her subsequent report, the court found Dennis had exposed D.M. to substantial risk of harm and would continue to do so. Therefore, the court terminated his parental rights and gave Linda custody of D.M. The New Jersey Superior Court, Appellate Division, affirmed, the New Jersey Supreme Court denied Mazzetti's request for certification, and the U.S. Supreme Court

---

[2] We write primarily for the parties, who are familiar with this case. Therefore, we only recount the facts necessary to our analysis.

denied certiorari.

Separately, Mazzetti filed suit in federal district court on August 23, 2012, bringing claims under 42 U.S.C. §§ 1983, 1985, and 1986, alleging various violations of his constitutional rights. Among other allegations, Mazzetti claimed that defendants improperly: contested his paternity of D.M.; removed D.M. without a hearing or due process; required Mazzetti to submit to drug testing; prevented him from obtaining assistance of counsel in the Family Part; testified falsely and committed fraud on the state court; retaliated against him for exercising his right to appeal; and interfered with, conspired to deny, and caused him to lose his fundamental right to parent D.M. As remedies, Mazzetti sought injunctive relief requiring DCPP to train caseworkers and follow its procedures, compensatory damages of $10 million, and punitive damages of $50 million. He did not seek restoration of his parental rights.

Defendants moved to dismiss. On March 13, 2013, the court held a hearing and granted defendants' motions, dismissing Mazzetti's claims because they "raise[d] issues that are inextricably intertwined with what went on in state proceedings." The court also noted that, if *Rooker-Feldman* were inapplicable, Slaff and Nadelman would have been protected by absolute immunity because their work was "intimately associated with judicial proceedings." Mazzetti appealed.

## II. Standard of Review

We exercise *de novo* review of a dismissal for lack of subject-matter jurisdiction based on *Rooker-Feldman*, and take as true the Complaint's factual allegations. *Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 163 (3d Cir. 2010);

4

*see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III.    Discussion[3]

The *Rooker-Feldman* doctrine prohibits federal courts from exercising jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Following *Exxon*, we instructed that *Rooker-Feldman* bars claims in federal court if: "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great Western Mining*, 615 F.3d at 166 (quoting *Exxon*, 544 U.S. at 284); *see also id.* at 169-70 & n.4 (citing *Gary v. Braddock Cemetery*, 517 F.3d 195, 200 n.5 (3d Cir. 2008)) (advising caution in using our pre-*Exxon* "inextricably intertwined" formulation of the *Rooker-Feldman* analysis).

In the District Court, the parties did not mention *Great Western Mining*, either in their papers or at the hearing. Instead, the review focused on whether Mazzetti's claims were "inextricably intertwined" with the state proceedings.

Mazzetti's claims, however, must be gauged against *Great Western Mining*. Therefore, we will vacate the District Court's judgment and remand for reconsideration of Mazzetti's claims in light of that case. *See B.S. v. Somerset Cnty.*, 704 F.3d 250, 259-

---

[3] The District Court initially had jurisdiction under 28 U.S.C. §§ 1331 and 1343, and we have jurisdiction under 28 U.S.C. § 1291.

60 (3d Cir. 2013) (applying *Great Western Mining* in § 1983 suit based on temporary deprivation of parental custody).[4] But, the court need not consider claims against Slaff and Nadelman: our review of the record convinces us that the court correctly found that those defendants were entitled to absolute immunity. Accordingly, we will affirm their dismissal from the case.

## IV. Conclusion

For the foregoing reasons, the District Court's judgment is affirmed in part, vacated in part, and remanded for further proceedings consistent with this opinion.

---

[4] The court should also consider, under *City of Los Angeles v. Lyons*, 461 U.S. 95, 105-06 (1983), whether Mazzetti has standing to pursue the injunctive relief he seeks.